STATE EX REL. ROBST, Respondent, vs. BOARD OF APPEALS OF THE CITY OF WAUWATOSA and others, Appellants.

ROBST, Respondent, vs. GIESCHEN, Building Inspector, and another, Appellants.

*September 17—October 13, 1942.*

··· *Roy R. Stauff,* city attorney, for the appellants.
*Lyman G. Wheeler* of Milwaukee, for the respondent.

FOWLER, J.   The petition of plaintiff alleges that the city of Wauwatosa has a zoning ordinance which establishes a "B" district in which no more than duplex apartments are permitted.   The ordinance also provides that the lawful use of a building existing at the time of the enactment of the ordinance may be continued although such use does not conform to the ordinance, but that such nonconforming use may not be extended.   The plaintiff owns a building located in district "B." The building inspector of the city, pursuant to terms of the ordinance, gave notice to the plaintiff reciting that her building was occupied by five families and ordered that she change the use of the building so that it would comply with the ordinance. In compliance with the statute, sec. 62.23 (7) (e) 4, Stats., the plaintiff appealed the order of the inspector to the Board of Appeals.   The board on hearing upheld the action of the inspector.   Sec. 62.23 (7) (e) 10, Stats. 1941, provides that any person aggrieved by any decision of the Board of Appeals may present to a court of record a petition duly verified setting forth that such decision is illegal in whole or in part and specifying the ground of illegality, which petition shall be "presented to the court" within thirty days after the filing of the decision in the office of the Board of Appeals.   Div. 11 of said par. (e) further provides that in such presentation the court may allow a writ of *certiorari* "directed to the board of appeals," and par. 13 that upon the hearing on the return to the

writ the court may receive evidence and decide the issue upon the return and such evidence as is received by the court.

The petition named the building inspector, whose order was reviewed by the board, and the board, but did not name the individual members of the board. The plaintiff presented her petition to the court within the thirty-day period, and the court within that period issued its writ of *certiorari* addressed in the name of the state and directed to the building inspector by name and to the Board of Appeals without naming its members. The building inspector moved to supersede this writ on the specified grounds that it was "not issued in the name of the state" and that it "was misdirected."

This motion was heard on November 28th, which was more than thirty days after the filing of the order of the Board of Appeals. The court made an order superseding the writ which recited that "it appearing that said writ was not issued in the name of the state of Wisconsin and was wrongly directed, and should have been directed to the individual members of the board." The court also of its own motion provided in the order that the plaintiff have five days within which "to amend her petition and name the individual members of the Board of Appeals." The plaintiff amended her petition in conformity with this order, and on the amended petition the court issued a second writ of *certiorari* directed to the individual members of the board. The board moved to supersede this writ on the specified grounds that the court had no jurisdiction of the person of the defendants or the subject of the action; that the action was not commenced within the time limited by law; that the petition did not state facts sufficient to constitute a cause of action; and that the writ was misdirected. The court denied this motion.

The questions raised are stated by the appellants in their brief substantially and in the order as below stated and numbered.

(1) Did the court have jurisdiction to issue the second writ on the amended petition?

The first writ was superseded on the ground that it was misdirected. Under *State ex rel. Flint v. Fond du Lac,* 42 Wis. 287, that writ was properly directed. That case was *certiorari* to review proceedings of the common council of the city. The affidavit on which the writ in the *Flint Case* was issued, corresponding to the "petition" in the instant case, was entitled "The state of Wisconsin on the relation of Robert Flint against the common council of Fond du Lac." Nowhere in the affidavit are the persons constituting the common council, or any of them, named. The writ was addressed: "The state of Wisconsin to the common council of the city of Fond du Lac." Motion was made to "dismiss" the writ and all proceedings on the ground among others that "the writ is [was] directed to the common council of the city of Fond du Lac, and the common council has no capacity to sue or be sued." The motion was denied by the trial court. The opinion of this court states, page 294:

"The objection that the writ of *certiorari* was improperly directed to the common council . . . is untenable. It was the acts and proceedings of the common council . . . which were sought to be reviewed. The common council, under the city charter, is a permanent body; has the legal control of all its records and papers; appoints the city clerk; and could therefore make return to the writ."

The petition as originally presented contained all statements required by the statute on which the proceeding is based, sec. 62.23 (7) (e) 10, Stats. 1941. It was therefore sufficient to support the original writ, and was thus sufficient in itself to support the second writ also. It is true that the original writ was superseded by an order of the court. But the petition remained and as it was sufficient in itself to support the first writ although it did not contain the names of the members of the board it was also sufficient to support the second writ when

those names were added.  The court therefore had jurisdiction to issue that writ.

That the original petition was sufficient need not rest alone on the *Flint Case, supra*.  Examination of the printed cases on file in this court in over twenty-five cases of *certiorari* or *mandamus* running to county boards discloses that the members of such boards were not named in either petition or writ. At least one of the county boards of the state comprises over eighty members.  It would be entirely useless to name in either petition or writ such a list of members.  All that should be reasonably necessary to bring up a record to be reviewed in absence of express statutory provision is to deliver demand therefor to such officer as will pursuant to performance of official duty cause the record to be produced.  This is manifest from the fact that the statute, sec. 252.04, Stats., now provides that a writ of *certiorari* to bring up the record of a county, town, or village, or school board, or city council shall run to the clerk thereof.  Prior to the incorporation of this provision in the statute a writ of *certiorari* addressed to a board and served upon its chairman was sufficient to cause return of the board's record.  There then being no statutory provision expressly providing upon whom a writ directed to one of the bodies next above named should be served, such service as was reasonably adequate to cause the record to be produced was sufficient.  By analogy the service of the instant original writ upon the chairman of the defendant appeal board, as the record shows here was done, was sufficient.

The twenty-five cases above referred to in which the printed cases were examined to check up on the prevailing practice were nearly all brought before the amendment of sec. 252.04, Stats., providing for direction of writs of *certiorari* to the clerks of the bodies named in the statute.  The case last brought prior to the amendment is *State ex rel. Ollinger v. Manitowoc,* 92 Wis. 546, 66 N. W. 702.  It is stated in the opinion of that case, page 548, that the writ of *certiorari* "should be directed

to the officers or board whose act it was sought to review, whenever that is a permanent body and has control of its own records." It is said, page 549 : "The writ . . . should have been directed to the county board of supervisors of Manitowoc county." And again it is there said : "The writ should have been directed to the board of supervisors."

It is true that it is said in *State ex rel. Graff v. Everett,* 103 Wis. 269, 79 N. W. 421, and *State ex rel. Kulike v. Town Clerk,* 132 Wis. 103, 105, 111 N. W. 1129, that the writ should have been issued to members of the town board. But whether it should have been so issued was not involved and the case does not reach the point that a writ addressed to the town board as such is sufficient. It is likewise true that the point that the writ might be addressed to either the board or its members was not directly involved in the *Ollinger Case, supra,* but the latter seems to announce the correct practice as disclosed by the great majority of cases in this court. Since the *Everett* and *Kulike Cases, supra,* pronouncements in nearly all cases to review actions of boards the petitions and writs have named the individual members. But in *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144, *certiorari* to the county board and the county clerk, the members of the board were not named in the petition, and the writ ran to the board and not its members and the county clerk, and the return was signed by the chairman of the board and the clerk. And in *State ex rel. Johnson v. County Boards,* 167 Wis. 417, 167 N. W. 822, *mandamus* to compel action by county boards, the writ ran to the county boards. Neither petition nor writ named the members of the boards. The cases involving the bodies now named in the statute cited are now expressly governed thereby, but we consider that the practice in cases involving other municipal boards established pursuant to statute, which are of a permanent nature, as distinguished from boards of review which complete a particular assignment of work and then adjourn *sine die,* the writ of

*certiorari* to review their action may run, as stated in the *Ollinger Case, supra,* either to "the board or its member." A writ to review the proceedings of a tribunal no longer in existence must go to the officer having charge of its records. *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188.

(2) Was the action commenced within the thirty days limited by sec. 62.23 (7) (e) 10, Stats., for presenting the petition to the court?

The question here stated seems to have been based on the idea that the time of commencing the action is fixed by the issuing of the writ. This is an incorrect concept. Under the instant statute the action was commenced when the plaintiff presented the original petition to the court. The plaintiff presented her petition within the thirty days' period and that is all the statute required. That being done, the court could issue its writ when it got ready.

(3) Does the amended petition state facts sufficient to constitute a cause of action, (a) under sec. 62.23 (7) (h), Stats., prohibiting extension of nonconforming uses, and (b) because of failure to properly plead the zoning ordinance?

(a) The petition states that before the enacting of the zoning ordinance the plaintiff had, (1) "opened an apartment house upon said [the] premises [in suit] with three apartments therein and made improvements upon said premises fitting it for an apartment house and has ever since maintained an apartment house therein for the accommodation of no less than three apartments and tenants." The petition also states, (2) "that at the time said [zoning] ordinance was adopted your petitioner had been, for months, conducting apartments therein numbered, at said location in one building and has never abandoned the keeping and operating of three apartments in said building at said location." The petition further states, (3) "that at the time the said ordinance was first passed and long prior thereto said premises were used there as apartments for at least three families and such use

for at least three apartments and families has continued to the present day without interruption ever since the year 1919, and your petitioner has a right to continue to use said premises for apartments and families numbering three or more."

The petition sets out the notice of the building inspector served upon the plaintiff which states that the building "may not be used as the residence for more than two families . . . [and] is now being used as the residence for five families."

It seems to be the contention of appellants that these several allegations of the petition show that the plaintiff claims the right to use the building for occupation for more than three families because she was so using it when the ordinance was adopted, and that she claims the right to use it for the occupation of five families. The point of the case is not what she claims but what her rights of use are under the facts shown by the record when it is returned and such evidence if any as the court may receive under sec. 62.23 (7) (e) 13, Stats. Under the reasonable intendment of the plaintiff's allegation (2) above quoted it would seem that at adoption of the ordinance the building was fitted for occupancy and being occupied by three families and that it has been kept and operated for such occupation ever since. If this be the fact the plaintiff under the ordinance has the right to continue such use, and the fact that she claims the right to use the building for more than three families if she does so claim, does not defeat that right. We think that from the allegations of the petition and the recital of the notice therein set out the issue between the parties is whether at the time of the giving of the notice the building was being used and ever since the adoption of the ordinance has been used for three families. If it has at times been occupied by more than three families, or was at the time of the giving of the notice being occupied by more than three families, this would not defeat the right to continue to use it for occupancy by three families. If it was at the time of the notice being occupied by more than three families de-

fendants may compel the ceasing of use by more than three families.

(b) It was held in *Decker v. McSorley,* 111 Wis. 91, 95, 86 N. W. 554, that an ordinance may be pleaded "by stating its substance and legal effect." .The material portions of the ordinance in suit were so pleaded in the instant petition.

(4) Did the court have power under sec. 62.23 (7) (e) 10, Stats., to permit the bringing in of new parties more than thirty days after the filing of the board's order with the board?

We consider that if the court was of opinion that the bringing in of the individual members of the board was necessary to the bringing up of the board's record it had the power to direct amendment of the complaint to incorporate their names. That is what the court did. The petition having been presented to the court within the thirty-day period it was properly before the court. The quashing of the writ first issued did not dismiss the action. The motion to quash was in effect a demurrer to the petition for insufficiency of facts stated. *State ex rel. Karnes v. Board of Regents,* 222 Wis. 542, 269 N. W. 284. Being such, the court might properly do as it would in sustaining any other demurrer, permit pleading over on terms, which is what its order permitting amendment of the petition to name the parties did. As we have already said, the plaintiff in timely presenting her petition to the court had done all that she was required to do to get her case into court. Being properly in court the court in its discretion might properly permit such amendment as it considered necessary in the interests of justice to keep her in rather than throw her out and destroy her right of action by dismissing her case. As we have stated, amendment of the petition was unnecessary and permitting an unnecessary amendment plainly did not of itself dismiss the action.

*By the Court.*—The order of the circuit court dated December 29, 1941, denying the motion to supersede the writ of *certiorari,* and the portion of the order entered November 28, 1941, appealed from, are affirmed.