STATE EX REL. Theodore SCHWOCHERT,
Edith Palmer and Gail Zellmer, Petitioners-
Appellants,

v.

MARQUETTE COUNTY BOARD OF
ADJUSTMENT, Respondent. [Case No. 85–
0620.]

STATE EX REL. CRYSTAL LAKE CLUB, INC.,
Petitioner-Respondent,

v.

MARQUETTE COUNTY BOARD OF
ADJUSTMENT, Appellant. [Case No. 85–1131.]

Court of Appeals

*Nos. 85–0620, 85–1131. Submitted on briefs May 7, 1986.—
Decided May 27, 1986.*

(Also reported in 389 N.W.2d 841.)

For the petitioners-appellants Schwochert, Palmer and Zellmer the cause was submitted on the briefs of *Richard J. Carlson* and *Patterson, Jensen, Wylie, Silton & Seifert, S.C.* of Appleton.

For the respondent and appellant Marquette County Board of Adjustment the cause was submitted on the briefs of *Philip A. Munroe* and *Di Renzo and Bomier* of Neenah.

For the petitioner-respondent Crystal Lake Club, Inc., the cause was submitted on the brief of *Gregory R. Wright* and *Gregory R. Wright Law Offices* of Montello.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Theodore Schwochert, Edith Palmer and Gail Zellmer, appellants in No. 85–0620, appeal from an order dismissing their petition for a writ of certiorari to review a zoning decision of the Marquette County Board of Adjustment. In No. 85–1131, the Board appeals from an order denying its motion to dismiss a companion certiorari petition filed by the Crystal Lake Club, Inc.

The appeals have a common dispositive issue: whether the certiorari proceedings were properly and timely commenced. Because we conclude they were

not, we affirm in No. 85–0620 *(Schwochert)* and reverse in No. 85–1131 *(Crystal Lake Club)*.

The facts are not in dispute. In *Schwochert,* the petitioners sought review of the board's issuance of a special exception permit under the Marquette County Shoreland Zoning Ordinance. The board's decision was filed on November 8, 1984, and the petitioners filed a "Petition for Writ of Certiorari" with the Marquette County Circuit Court twenty-two days later.

The petition was never served on the board, and, on January 10, 1985, the board filed a motion to dismiss on grounds that the proceedings were not timely commenced under sec. 59.99(10), Stats. That section provides (in part) that persons aggrieved by a decision of the board "may, within 30 days after the filing of the decision . . ., commence an action seeking the remedy available by certiorari." The court ruled that the filing of the petition, without more, did not result in the commencement of an action within the meaning of sec. 59.99(10) and granted the board's motion to dismiss.

The facts in *Crystal Lake Club* are nearly identical. The club, seeking review of the same zoning decision, filed a "Petition for Writ of Certiorari" with the court on December 6, 1984, twenty-eight days after the board's decision was filed. On December 7, 11 and 13, the club served authenticated copies of the petition on the three members of the board. The court eventually signed a writ of certiorari on January 24, 1985, and the club served authenticated copies on the county clerk and the county zoning administrator. The board's motion to dismiss the proceedings as untimely was denied.

As indicated, sec. 59.99(10), Stats., provides for review of board of adjustment decisions by commencement of a certiorari action within thirty days after the

decision is filed. Section 801.02, Stats., governs the "commencement of action[s]" in circuit court, and sec. 801.02(5) provides as follows:

> An action seeking a remedy available by certiorari . . . may be commenced . . . by service of an appropriate original writ on the defendant named in the writ if a copy of the writ is filed forthwith, or by filing a complaint demanding and specifying the remedy, if service of an authenticated copy of the complaint and of an order signed by the judge of the court in which the complaint is filed is made upon the defendant under this chapter within the time period specified in the order. The order may specify a time period shorter than that allowed by · s. 802.06 for filing an answer or other responsive pleading.

In both cases, all the petitioners[1] did within thirty days of the board's decision was to file their petitions with the court. No "original writ" was served on any party, nor was any "complaint" filed or served.

Prior to 1981, sec. 59.99(10), Stats. (1979), did not require the party seeking review of board action to "commence an action," but only to "present . . . a petition" to the court, within the thirty day period. Succeeding subsections of the former statute, now repealed, set forth the procedures to be followed in circuit court once the petition was filed.

Petitioners argue that the former filing, timing and procedural requirements remain available to them today despite their repeal, citing a Judicial Council

---

[1] In the interests of clarity and brevity, Schwochert, Palmer, Zellmer and the Crystal Lake Club will be referred to collectively as the "petitioners," except where individual designation is necessary.

note to ch. 289, Laws of 1981, the act revising the procedures for extraordinary writs.

First of all, we see no need to resort to the legislative history of sec. 59.99(10), Stats. Its language is clear: review of the board's decisions may be had by "commenc[ing] an action" for certiorari. Section 801.02(5), Stats., is equally clear: certiorari actions may be commenced in one of two ways—by obtaining and serving an original writ or by filing and serving a complaint and an order. Petitioners have not cited, nor have we been able to find, any other statutes or rules of law on the subject. And, where the legislature has provided a statutory remedy, those procedures "must be strictly pursued to the exclusion of other methods of redress." *Essock v. Cold Spring,* 10 Wis. 2d 98, 104, 102 N.W.2d 110, 113 (1960). The petitioners simply did not follow the applicable procedures.

Even if we were to consider the Judicial Council note, our decision would remain the same. The note refers to the long-standing uncertainty and confusion engendered by pre-1981 extraordinary writ procedures. The old statutes were a hodge-podge, and many of the procedures for obtaining writs were in conflict with the rules of civil procedure, particularly sec. 801.02, Stats. The council's preamble to the amendatory act concluded with the following:

> The judicial council, after a review of the question, concluded that the major difficulties would be eliminated if writ procedures were made unnecessary. This bill therefore expressly provides that any remedy available by use of a writ may also be included in a judgment or order rendered in an ordinary action in circuit court. This same approach has

been used successfully with regard to injunction under s. 813.01, stats. There is, consequently, no longer any need to use the writ procedure in circuit court, although it remains available.

Ch. 289, Laws of 1981. As a result, the Judicial Council proposed, and the legislature adopted, a series of amendments to the applicable statutes.

Petitioners seize upon the last-quoted sentence of the Judicial Council note as "evidence" that the repealed procedures in sec. 59.99(10), Stats., may still be used. We disagree. The quoted paragraph refers only to the portion of the act creating sec. 781.01, Stats., which states that:

> The remedy available by a writ of mandamus, prohibition, quo warranto, certiorari or habeas corpus may be granted by the final judgment or allowed as a provisional remedy in an action or proceeding. The use of a writ is not necessary. This section does not alter the nature of any extraordinary remedy or the scope of the proceedings, including without limitation the relief available, discovery, the availability of jury trial and the burden of proof.

Thus, there is no longer any need to use specific extraordinary writ procedures to obtain the desired relief; the court may include such relief, if appropriate, in the context of any civil action. The "writ procedure," of course, "remains available," and specific statutes describe the procedures to be used in seeking relief in an independent proceeding. The statute here at issue, sec. 59.99(10), Stats., sets out the requirements for certiorari review of shoreland zoning decisions; sec. 62.23(7)(e)10, Stats., applies to review of decisions of city zoning boards of appeal; secs. 70.47(13) and (16)(a), Stats., apply to review of decisions of local boards of review;

and sec. 70.85 deals with review of real property assessment revaluations by the department of revenue. All of the statutes, as amended by ch. 289, Laws of 1981, provide that review is available by commencement of an "action seeking . . . certiorari" or an "action for certiorari."

The 1981 act also amended secs. 801.02(1) and (5), Stats. Prior to the amendment, sec. 801.02(1), specifically excluded certiorari and the other extraordinary writs from its requirement that civil actions are to be commenced by filing and service of a summons and complaint. The act repealed this exclusionary language and amended sec. 801.02(5) to establish the alternate "service of writ" and "complaint" procedures as they now exist. The purpose of the amendments, in the words of another Judicial Council note, was "to allow an action seeking an extraordinary remedy to be commenced in the same manner as any other civil action." Sec. 13, ch. 289, Laws of 1981.

Petitioners would have us resurrect statutory language expressly repealed by the legislature and apply it here in order to save their actions. This we cannot do. Sections 59.99(10) and 801.02(5), Stats., plainly set forth the procedure which must be followed to commence an action for certiorari review of the board's decisions, and that procedure was not followed in either case.[2]

---

[2] Petitioners and the trial court rely heavily on *State ex rel. Robst v. Board of Appeals,* 241 Wis. 188, 5 N.W.2d 783 (1942), which held that the mere filing of a petition for certiorari within the thirty-day period under a similar statute, sec. 62.23(7)(e)10, Stats. (1941), was sufficient. The statute was identical to sec. 59.99(10),

Petitioners argue, alternatively, that they complied with the alternative complaint-and-order method of commencing the action under sec. 801.02(5), Stats., because their petitions—which they ask us to treat as complaints—were filed with the court within thirty days of the board's decision. Under the statute, however, the action is "commenced" by filing a complaint only "if service of an authenticated copy of the complaint and of an order [which may specify a shorter time than that allowed by sec. 802.06, Stats., for filing a responsive pleading] is made upon the defendant under this chapter." Even if we could consider the petitions as complaints, neither was accompanied by the order required by the statute. As a result, no action was "commenced."

The *Schwochert* petitioners, nearly six weeks after expiration of the thirty-day time limit, moved the trial court to change the caption of their petition to read "Complaint" and sought an order directing the board to answer within a specified time. The court denied the request without explanation, and the petitioners argue, also without explanation or elaboration, that this was error. The grant or denial of such a motion is within the trial court's discretion, and where, as here, the court has not explained the basis for its conclusion, we will look to the record to see whether the decision

Stats., in its pre-1981 form: it stated that "[s]uch petition shall be presented to the court within thirty days."

Section 62.23(7)(e)10, Stats., was amended by sec. 7, ch. 289, Laws of 1981, in the same manner as sec. 59.99(10), Stats. Both now provide that one seeking review must "commence an action" for certiorari within thirty days of the decision. *Robst* dealt with a statute that no longer exists and has no bearing on the issues before us.

has a rational basis. *Pamperin v. Pamperin,* 112 Wis. 2d 70, 74, 331 N.W.2d 648, 650 (Ct. App. 1983). We are satisfied that it does.

First, the thirty-day limitation for commencing the action had long since expired, and the court could allow petitioners to complete the commencement process at such a late date only by completely ignoring the statute. Second, the Judicial Council note to which petitioners themselves have referred us, states that the complaint-and-order method of commencing the action contemplates a shortened time for responsive pleadings and is intended "for the emergency situation when the case may be moot before a response would be filed." Section 13, ch. 289, Laws of 1981. The record is silent as to the existence of any emergency, and petitioners make no such argument on appeal. There was a rational basis for the court's denial of the motion.[3]

In *Crystal Lake,* the trial court, for reasons unexplained in the record, eventually signed a writ of certiorari on January 24, 1985.[4] The club, equating the original petition with a complaint and the writ with the court order described in the complaint-and-order pro-

---

[3] The *Schwochert* petitioners moved the trial court to change the caption of the petition under sec. 807.07(2), Stats. That section, however, pertains to issues of appellate jurisdiction and procedure. It cannot be used to cure defects concerning an appellate court's subject matter jurisdiction which is invoked by commencing the action within the appropriate limitations period. *Hester v. Williams,* 117 Wis. 2d 634, 641, 345 N.W.2d 426, 429 (1984).

[4] The judge who signed the writ was not the judge who later denied the board's motion, and the writ's issuance does not appear to have been a factor in the second judge's decision.

cedure, argues that it thus complied with sec. 801.02(5), Stats.

First, the petition is not a complaint. Even if it could be so considered, the writ cannot be treated as the order contemplated by the statute, for it does not set a time for service of responsive pleadings. Second, the two documents were served on different individuals, the petition on the three individual board members and the writ on the county clerk and zoning administrator. A complete set of papers was never served on the board's "officer, director, or managing agent," as required by sec. 801.11(4)(a)7, Stats. The club did not meet the commencement-of-action requirements of sec. 801.02(5).

Finally, petitioners argue that construing secs. 59.99(10) and 801.02(5), Stats., together, as we do, is unreasonable because "[i]t would be next to impossible to file a petition, have the court review [it] and issue the writ, and have the writ served on the defendant, all within 30 days." The argument, if valid, is one that should be made to the legislature.[5]

Because none of the petitioners followed the statutory procedures for commencing certiorari proceedings to review the board's November 8, 1984, decision, dismissal was proper in both cases.

---

[5] We agree with the board that, except for inquiry into matters of form, there is little for the court to do other than issue the writ when presented with a petition in an action under sec. 801.02(5), Stats. Indeed, when the Crystal Lake Club finally presented a writ to the court, it was signed and copies served on the defendants in a single day.

*By the Court.*—Order in No. 85–0620 affirmed; order in No. 85–1131 reversed and cause remanded with directions to dismiss the petition.