NICKEL RIVER INVESTMENTS, a Wisconsin Limited Partnership, Plaintiff-Appellant,

v.

CITY OF LA CROSSE BOARD OF REVIEW,
Defendant-Respondent.

WEDGEWOOD COMMONS, a Wisconsin Limited
Partnership, Plaintiff-Appellant,

v.

CITY OF LA CROSSE BOARD OF REVIEW,
Defendant-Respondent.

Court of Appeals

*No. 89-2328-FT. Submitted on briefs March 14,
1990.—Decided April 26, 1990.*

(Also reported in 457 N.W.2d 333.)

For the plaintiff-appellant the cause was submitted on the brief of *Jost Law Office,* by *Kenneth Wm. Jost* and *Randi L. Osberg* of Chetek.

For the defendant-respondent the cause was submitted on the brief of *Sundet, Shepherd & Associates,* by *David L. Lange* of La Crosse.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.   Nickel River Investments and Wedgewood Commons are separate partnerships. Each appeals from an order dismissing its certiorari action against City of La Crosse Board of Review. Each partnership initiated its action by filing a summons and a complaint. The trial court consolidated the actions. The board contends that the partnerships did not comply with sec. 801.02(5), Stats., and so the actions were properly dismissed. We disagree and reverse the order.[1]

Section 801.02, Stats., provides in relevant part:

(1)   A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

. . ..

(5)   An action seeking a remedy available by certiorari, quo warranto, habeas corpus, mandamus

---

[1]This is an expedited appeal pursuant to Rule 809.17, Stats.

or prohibition may be commenced *under sub. (1),* by service of an appropriate *original writ* on the defendant named in the writ if a copy of the writ is filed forthwith, *or* by filing a complaint demanding and specifying the remedy, if service of an authenticated copy of the *complaint and* of *an order* signed by the judge of the court in which the complaint is filed is made upon the defendant under this chapter within the time period specified in the order. The order may specify a time period shorter than that allowed by s. 802.06 for filing an answer or other responsive pleading. [Emphasis added.]

The board asserts that a certiorari action may be commenced under sec. 801.02(5), Stats., in only one of two ways. According to the board, the party seeking relief must either (1) serve an original writ on the defendant and file a copy forthwith or (2) file a complaint and serve a copy on the defendant with an order, the precise nature of which is not specified by statute, signed by a judge of the court in which the complaint was filed. The board admits that each partnership served a summons and complaint upon the board. The board concludes that because no order was served upon it, each action was never commenced and was properly dismissed. The board is wrong.

Because the issue involves the correct reading of a statute, the question is one of law. *Sauer v. Reliance Insurance Company,* 152 Wis. 2d 234, 240, 448 N.W.2d 256, 259 (Ct. App. 1989). We decide such issues without reliance on the view of the trial court. *Id.*

Section 801.02(5), Stats., specifies three procedures to commence a certiorari action.[2] First, the action "may

---

[2]We withdraw our *dictum* in *Schwochert v. Marquette County Bd.,* 132 Wis. 2d 196, 201, 389 N.W.2d 841, 843 (Ct. App.

be commenced under sub. (1)," which permits use of a summons and a complaint. Second, the action "may be commenced . . . by service of an appropriate original writ." Third, the action "may be commenced . . . by filing a complaint . . ., if service of . . . the complaint and of an order . . . is made upon the defendant." Each partnership used the first procedure. Each action was properly commenced.

The board misunderstands the function of the order referred to in sec. 801.02(5), Stats. If a summons is personally served with a complaint attached, the defendant has twenty or forty-five days (depending on the defendant) to serve an answer. Sec. 801.09(2)(a). Section 801.02(5) authorizes use of an order rather than a summons. It permits use of "an order to shorten the time for filing a response to the complaint in lieu of a summons." Judicial Council Note, 1981, sec. 801.02.

The trial court erroneously concluded that the partnerships had not "commenced" their certiorari actions against the board. We reverse the order and remand the matter.

*By the Court.*—Order reversed and cause remanded.

1986), that "certiorari actions may be commenced in one of two ways—by obtaining and serving an original writ or by filing and serving a complaint and an order."