John TOBLER and Beth Tobler, individually and as a member of similarly situated property owners, Plaintiffs-Appellants-Petitioners,

v.

DOOR COUNTY and Door County Board of Adjustments, Defendants-Respondents,

Kurt KOERTING, and Ruth Koerting, Intervening Defendants-Respondents.

Supreme Court

*No. 89–0580. Argued October 4, 1990.—Decided November 6, 1990.*

(Also reported in 461 N.W.2d 775.)

For the plaintiffs-appellants-petitioners there was a brief by *William J. Corrigan* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* Appleton and oral argument by *Mr. Corrigan.*

For the defendants-respondents there was a brief and oral argument by *Dennis D. Costello,* Door County Corporation Counsel.

STEINMETZ, J.   The issue in this case is whether a certiorari review under sec. 801.02(5), Stats., may be commenced by the filing of a summons and complaint pursuant to sec. 801.02(1).

The trial court answered "no" and the court of appeals affirmed. We hold to the contrary. An action for a remedy available by certiorari may be commenced by filing and serving a summons and complaint pursuant to sec. 801.02(1), Stats.

On May 26, 1988, the plaintiffs, John Tobler and Beth Tobler, individually and as members of a group of similarly situated property owners (hereinafter plaintiffs), filed a summons and complaint in Door county circuit court, John D. Koehn, Judge. The complaint asked the circuit court to issue a writ of certiorari and to review the decision of the Door County Board of Adjust-

ments. The defendants, Door county and Door County Board of Adjustments, answered and alleged that the circuit court did not have subject matter jurisdiction. Defendants then filed a motion to dismiss. They argued that the court lacked subject matter jurisdiction because the plaintiffs did not follow the procedure required by sec. 801.02(5), Stats., for an action seeking a remedy available by certiorari.

The trial court concluded that sec. 801.02(5), Stats., provides only two methods to commence an action seeking a remedy available by certiorari. A person can commence such an action by filing and serving a petition for a writ, together with the original writ, or, alternatively, by service of a complaint and order, the trial court said. Since the plaintiffs did not follow one of these two methods but instead commenced this action by filing and serving a summons and complaint pursuant to sec. 801.02(1), the court held that it had "no subject matter jurisdiction" because no action was commenced.

The interpretation of a statute is a question of law and therefore no special deference is owed to the trial court's determination. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985).

In *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764 (1987), we held:

> Under the rules of statutory construction, we are to give effect to the intent of the legislature. In determining that intent, first resort must be to the language of the statute itself. If the meaning of the statute is plain, we are prohibited from looking beyond the language of the statute to ascertain its meaning. Only if the statutory language is ambiguous or unclear may we refer to outside sources to aid statutory construction. [Citation omitted.]

21

In *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980), the court stated:

> [I]n construing statutes, effect is to be given, if possible, to each and every word, clause and sentence in a statute, and a construction that would result in any portion of a statute being superfluous should be avoided wherever possible.

Section 801.02, Stats., provides:

> **(1)** A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.
>
> . . ..
>
> **(5)** An action seeking a remedy available by certiorari, quo warranto, habeas corpus, mandamus or prohibition may be commenced under sub. (1), by service of an appropriate original writ on the defendant named in the writ if a copy of the writ is filed forthwith, or by filing a complaint demanding and specifying the remedy, if service of an authenticated copy of the complaint and of an order signed by the judge of the court in which the complaint is filed is made upon the defendant under this chapter within the time period specified in the order. The order may specify a time period shorter than that allowed by s. 802.06 for filing an answer or other responsive pleading.

Shortly after the parties to this action filed their briefs to this court, the court of appeals issued a published decision of a case involving the same issue. In *Nickel River Inv. v. City of La Crosse Review Bd.*, 156 Wis. 2d 429, 432, 457 N.W.2d 333 (Ct. App. 1990), the

court of appeals concluded that the appellant, who had commenced a certiorari action under sub. (1) by filing a summons and complaint, had properly commenced the certiorari action for purposes of sub. (5). *Id.* In view of *Nickel River Inv.*, the defendants in this action conceded their position at oral argument.

We agree with the outcome in *Nickel River Inv.* and reach the same outcome in this case, although our conclusion is based upon our own independent analysis.[1]

The meaning of sec. 801.02, Stats., taken as a whole, is plain. It is neither unclear nor ambiguous. Giving effect to each and every word, clause and sentence of the section requires that the language "under sub. (1)" of sec. 801.02(5) refers to sec. 801.02(1). Such a reference, in turn, requires that an action for a remedy available by certiorari under sec. 801.02(5) may be commenced by filing and serving a complaint pursuant to sec. 801.02(1). Any other construction of sec. 801.02(5) would render superfluous the language "under sub. (1)."

No inquiry into the intent of the legislature is necessary because it requires no more than a mere facial reading of the statute to conclude that the statute permits the use of a summons and complaint to commence a certiorari action. Reference to the legislative history of

---

[1] In reaching its conclusion in *Nickel River Inv.*, 156 Wis. 2d at 431 n.2, the court of appeals withdrew "[its] *dictum* in *Schwochert v. Marquette County Bd.*, 132 Wis. 2d 196, 201, 389 N.W.2d 841, 843 (Ct. App. 1986), that 'certiorari actions may be commenced in one of two ways—by obtaining and serving an original writ or by filing and serving a complaint and an order.' " In this case, we do not reach the question of whether the language in *Schwochert* was in fact dictum or, if it was not dictum, whether the court of appeals properly could overrule what it said in *Schwochert,* because our decision is based upon our own construction of sec. 801.02, Stats.

sec. 801.02, Stats., simply spotlights what already is at center stage. The legislature, when it enacted secs. 12 and 13, ch. 289, Laws of 1981, removed certain restrictive language from sec. 801.02(1) (1979–80) and created ch. 781, which deals with extraordinary remedies such as certiorari. The result of the legislative action is to make extraordinary writs unnecessary and to allow extraordinary remedies to be reached via the provisions used for ordinary civil actions. Actions for "certiorari, habeas corpus, mandamus or prohibition," which previously were excluded from the summons and complaint procedure specified in sec. 801.02(1), no longer are excluded under the statute.

Expounding upon the obvious meaning of the legislature's action, the 1981 Judicial Council Notes pertaining to sec. 781.01, Stats., read as follows:

> Note: This section renders the use of the writ procedure unnecessary. It makes the remedy available by one of the extraordinary writs also available by a final judgment or a provisional remedy in an ordinary action in circuit court. This section follows the approach taken in sec. 813.01, stats., by which the injunction remedy was made available in an ordinary action, and in sec. 809.01(1), stats., by which the writ of error procedure was made the same as the procedure for appeals.

Judicial Council Note—sec. 12, ch. 289, Laws of 1981.

With respect to sec. 801.02, Stats., the Judicial Council Notes show that:

> Note: Sub. (1) is amended to allow an action seeking an extraordinary remedy to be commenced in the same manner as any other civil action. Sub. (5) allows the additional option of using an order to shorten the time for filing a response to the com-

24

plaint in lieu of a summons. This option is for the emergency situation when the case may be moot before a response would be filed. The order serves the same purpose as the alternative writ and the order to show cause used to initiate the action under writ procedures. In all other matters of procedure, the rules of civil procedure govern to the extent applicable. Sub. (5) applies only to procedure in the circuit court. In seeking an extraordinary remedy in the supreme court or court of appeals, s. 809.51, stats., should be followed.

Judicial Council Note—sec. 13, ch. 289, Laws of 1981.

Thus, under the plain language of sec. 801.02(5), Stats., there are three methods by which a certiorari review "may be commenced": (1) "under sub. (1)," by use of a summons and complaint; (2) "by service of an appropriate original writ"; or (3) "by filing a complaint . . ., if service of . . . the complaint and of an order . . . is made upon the defendant." Clear legislative intent supports this construction.

Accordingly, the plaintiffs properly commenced an action seeking a remedy available by certiorari under sec. 801.02(5), Stats., by filing a summons and complaint pursuant to sec. 801.02(1).

*By the Court.*—The decision of the court of appeals is reversed.