**2023 WI App 43**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2022AP1577

Complete Title of Case:

STATE OF WISCONSIN EX REL. DOUGLAS KURTZWEIL,

PETITIONER-RESPONDENT,

V.

SAWYER COUNTY ZONING BOARD OF APPEALS,

RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | July 25, 2023 |
| Submitted on Briefs: | May 23, 2023 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:        On behalf of the respondent-appellant, the cause was submitted on the briefs of *Thomas J. Duffy*, Hayward.

Respondent
ATTORNEYS:        On behalf of the petitioner-respondent, the cause was submitted on the brief of *Linda I. Coleman* and *John R. Carlson* of *Spears, Carlson & Coleman, S.C.*, Washburn.

COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP1577**

**STATE OF WISCONSIN**

Cir. Ct. No.  2022CV46

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN EX REL. DOUGLAS KURTZWEIL,

    PETITIONER-RESPONDENT,

  V.

SAWYER COUNTY ZONING BOARD OF APPEALS,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Sawyer County: JOHN P. ANDERSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1    STARK, P.J.  This case addresses the procedure that a litigant may use to seek a certiorari remedy in the circuit court.  The Sawyer County Zoning Board of Appeals ("the Board") appeals an order granting default judgment to Douglas Kurtzweil.  The court granted Kurtzweil default judgment after the Board

failed to timely respond to Kurtzweil's complaint seeking certiorari review of the Board's denial of his appeal of a decision by the Sawyer County zoning and conservation administrator ("the administrator"). The Board argues that no answer or responsive pleading was required, and that by applying "regular civil procedure rules to a certiorari proceeding," the court "did not apply a proper standard of law."

¶2 We conclude that Kurtzweil properly commenced this certiorari action pursuant to WIS. STAT. § 801.02(1) and (5) (2021-22)[1] by filing with the circuit court a summons, a complaint, and, later, an amended complaint, and timely serving the Board with authenticated copies of those documents. The Board failed to file a timely answer or other responsive pleading. The court, therefore, did not erroneously exercise its discretion by granting Kurtzweil's motion for default judgment against the Board. Accordingly, we affirm.

## BACKGROUND

¶3 We take the following facts from Kurtzweil's amended complaint. Kurtzweil owns property in Sawyer County that is adjacent to a property known as Old Arrow Resort. The Old Arrow Resort property consists of two cabins on a single lot. These cabins predate a Sawyer County zoning ordinance "prohibiting more than one habitable structure on a lot" and are therefore "legal nonconforming structures." The cabins were used sparingly from 1978 to 2017. Beginning in 2017, the cabins were rehabilitated to be used as short-term rentals operated by a newly incorporated entity, Old Arrow Resort, LLC.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

¶4 On July 20, 2021, Kurtzweil requested "a written determination from the Sawyer County Zoning Department as to whether the rental of multiple dwelling units on the Old Arrow Resort property constitutes use as a 'resort' under Sawyer County Zoning Ordinances." By letter dated September 24, 2021, the administrator responded that "we do not think Old Arrow's use falls within the definition of 'resort.'" On October 22, 2021, Kurtzweil appealed this determination. Following a hearing by the Board on April 26, 2022, the administrator's deputy signed a notice stating that "on April 26, 2022, the Sawyer County Board of Appeals denied" Kurtzweil's appeal.

¶5 On May 13, 2022, Kurtzweil filed a complaint in the Sawyer County Circuit Court seeking various forms of relief, including an order granting a writ of certiorari, injunctive relief, an order reversing the Board's decision, and "such other and further relief as the Court may deem proper." On May 16, 2022, the deputy administrator emailed Kurtzweil a document labeled "Decision," dated April 27, 2022, that was purportedly signed by the Board chairperson on May 17, 2022.[2] Kurtzweil then filed an amended complaint on May 24, 2022, seeking the same relief as contained in the original complaint. The Board admitted service of the summons, complaint, and amended complaint on June 1, 2022.

¶6 On July 28, 2022, Kurtzweil moved for a default judgment under WIS. STAT. § 806.02 based on the Board's "failure to provide an answer or otherwise

---

[2] As Kurtzweil states in the amended complaint, the date of this signature "presumably is in error."

3

respond to the Plaintiff's Complaint" within forty-five days of its admission of service.[3] The circuit court issued a notice of hearing for August 29, 2022.

¶7 On August 26, 2022, the Board filed a response to Kurtzweil's motion for default judgment. The Board argued that it "was not obligated to meet the requirements of WIS. STAT. § 806.02 because Kurzweil's [sic] action is a petition for a writ of certiorari. It is not a complaint requiring a response and the joining of issues." The Board argued that the proper next step was for the circuit court to "decide whether or not it will issue the writ requiring that the record be submitted to the court for its consideration." The Board contended that "[u]nless ordered by the court, the [Board] is not required to file a responsive pleading." The Board appeared and made the same argument at the August 29, 2022 hearing.

¶8 The circuit court disagreed with the Board, explaining that although using a summons and complaint to seek a writ of certiorari "may be a … methodology that is … rarely used in Sawyer County," nonetheless "it is a methodology that is allowed in the rules of civil procedure." The court further stated that this methodology "require[s] a timely answer," but "the time to … answer has passed, and the defendants are clearly in default." The court concluded that "based on the methodology that the plaintiffs have used, they are entitled to default judgment."

¶9 In granting the default judgment, the circuit court noted that "the defendant still has another avenue to pursue here if they want to" and that its decision to grant the default judgment was "pending whatever might be coming."

---

[3] The affidavit supporting Kurtzweil's motion for default judgment states that the Board admitted service on June 15, 2022, which would mean that Kurtzweil filed for default judgment only forty-four days after service. The June 15 date appears to be a typographical error, however, because the Board's admission of service is dated June 1, 2022.

Although the court stated that its decision was "a final order for appeal," it also stated that "obviously, if something else comes in, I will address it." Instead of pursuing any available relief in the circuit court, the Board filed a notice of appeal.

## DISCUSSION

¶10    "A circuit court's decision whether to grant default judgment is reviewed under an erroneous exercise of discretion standard." ***Binsfeld v. Conrad***, 2004 WI App 77, ¶20, 272 Wis. 2d 341 679 N.W.2d 851 (citation omitted). "A court properly exercises its discretion if it examines relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach." ***Smith v. Golde***, 224 Wis. 2d 518, 525, 592 N.W.2d 287 (Ct. App. 1999) (citation omitted).

¶11    "[T]he law views default judgments with disfavor and 'prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues.'" ***Hedtcke v. Sentry Ins. Co.***, 109 Wis. 2d 461, 469, 326 N.W.2d 727 (1982) (citation omitted). "On the other hand, the circuit court should also be aware of the party's and society's interest in prompt adjudication and 'the probability that a policy which excused or tolerated a lawyer's neglect would foster delay in litigation' and lower the quality of legal representation." ***Id.*** (citation omitted).

¶12    On appeal, the Board contends that the circuit "court did not apply a proper standard of law" when it granted default judgment. The Board argues that "a responsive pleading is not required and is even discouraged at the initial stage of a certiorari proceeding."

¶13    We disagree with the Board's argument that the circuit court did not apply a proper standard of law. Specifically, WIS. STAT. § 801.02 sets forth the

available methods for filing "[a]n action seeking a remedy available by certiorari." Sec. 801.02(5). This provision states that such an action "may be commenced under sub. (1)." *Id.* In turn, sub. (1) provides that

> [a] civil action in which a personal judgment is sought is commenced as to any defendant when a summons and complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

Sec. 801.02(1).

¶14 Here, the record demonstrates that Kurtzweil followed the procedure set forth in WIS. STAT. § 801.02(1). On May 13, 2022, Kurtzweil filed a summons and complaint naming the Board as defendant and then served the summons and complaint (along with the amended complaint) on the Board on June 1, 2022, which is within ninety days after filing. The Board makes no argument that Kurtzweil failed to comply with § 801.02(1).

¶15 Instead, the Board argues that our case law "has been inconsistent in its statements regarding required responses in certiorari proceedings." The Board further contends that "[s]ome cases go so far as to discourage a response before the petition is granted." We disagree with the Board's assertion that our case law lacks clarity regarding a defendant's obligation to respond to a summons and complaint that seeks a certiorari remedy.

¶16 We addressed this specific procedure used to seek a certiorari remedy in *Nickel River Investments v. City of La Crosse Board of Review*, 156 Wis. 2d 429, 457 N.W.2d 333 (Ct. App. 1990). In that case, we explained that filing and serving a summons and complaint is a permissible way to commence a certiorari action under WIS. STAT. § 801.02(5). *Nickel River*, 156 Wis. 2d at 431-32. We

6

further explained that "[i]f a summons is personally served with a complaint attached, the defendant has twenty or forty-five days (depending on the defendant) to serve an answer." *Id.* at 432. Based on *Nickel River*, the Board clearly had an obligation to respond to a properly filed and served summons and complaint.

¶17 The Board argues that we muddied the waters with our decisions in *Merkel v. Village of Germantown*, 218 Wis. 2d 572, 581 N.W.2d 552 (Ct. App. 1998), and *State ex rel. Treat v. Puckett*, 2002 WI App 58, 252 Wis. 2d 404, 643 N.W.2d 515. In *Merkel*, we stated that "[a] certiorari proceeding bears no resemblance to a civil action brought to resolve a dispute between the parties; it exists only to test the validity of judicial or quasi-judicial determinations, and it neither contemplates nor authorizes the respondent to interpose any answers, denials or defenses." *Merkel*, 218 Wis. 2d at 580. In *Treat*, we stated that "in a certiorari proceeding there is no answer or opposing pleading that 'joins' issues of fact or law." *Treat*, 252 Wis. 2d 404, ¶26 (citing *Merkel*, 218 Wis. 2d at 577). The Board argues that these statements have introduced confusion regarding its obligation to respond to Kurtzweil's summons and complaint under *Nickel River*.

¶18 The Board is incorrect. Our statements in *Merkel* and *Treat* did not create any confusion regarding the procedural obligations discussed in *Nickel River*. Rather, the Board mistakenly reads the quoted language in isolation from the procedural facts of both cases. Both *Merkel* and *Treat* involved petitioners who initiated an action seeking a remedy of certiorari by serving a writ rather than by using the process available under ordinary civil actions pursuant to WIS. STAT. § 801.02(1). *See Merkel*, 218 Wis. 2d at 576 ("Merkel commenced this action by writ of certiorari."); *Treat*, 252 Wis. 2d 404, ¶25 ("[A]fter resolving certain issues regarding *service of the writ*, the court ordered the respondents to return the record to the court within thirty days." (emphasis added)). Thus, in both cases, our

7

discussion of "a certiorari proceeding" was focused on the method of commencing an action seeking a certiorari remedy by writ. *See* § 801.02(5) ("An action seeking a remedy available by certiorari … may be commenced … by service of an appropriate original writ on the defendant named in the writ if a copy of the writ is filed forthwith.").

¶19    *Merkel* and *Treat* are not applicable here, where Kurtzweil commenced the action by filing and serving a summons and complaint in accordance with WIS. STAT. § 801.02(1).[4]  Therefore, those decisions do not create any confusion regarding our statement in *Nickel River* that a defendant served with a summons and complaint must answer in accordance with the applicable rules of civil procedure. *See Nickel River*, 156 Wis. 2d at 432.

¶20    In further support of its argument that no responsive pleading was required, the Board also cites *Consolidated Apparel Co. v. Common Council of Milwaukee*, 14 Wis. 2d 31, 109 N.W.2d 486 (1961).  In that case, our supreme court stated that "unlike an answer to a complaint [the return to the writ] does not consist

---

[4] The Board also cites two unpublished decisions, *State ex rel. Fisher v. Hayes*, No. 2018AP1379, unpublished slip op. (WI App Nov. 19, 2019), and *State ex rel. Bates v. Hayes*, No. 2020AP943, unpublished op. and order (WI App Dec. 22, 2021).  *Fisher* is an unpublished per curiam opinion, and *Bates* is a summary disposition order.  Under the Rules of Appellate Procedure, neither of these decisions may be cited as precedent or authority—not even for their persuasive value.  *See* WIS. STAT. RULE 809.23(3)(a)-(b).  We caution counsel for the Board that future violations of the Rules of Appellate Procedure may result in sanctions.  *See* WIS. STAT. RULE 809.83(2).

Regardless, Kurtzweil correctly points out that, like *State ex rel. Treat v. Puckett*, 2002 WI App 58, 252 Wis. 2d 404, 643 N.W.2d 515, both unpublished cases that the Board cites are distinguishable because they each involved a prisoner who filed a petition for a writ of certiorari, not a summons and complaint.  Moreover, we caution the Board against relying on cases involving prisoner litigation, due to the specific procedural rules that govern these types of actions.  *See* WIS. STAT. § 801.02(7)(a)2. (specifying additional procedural requirements for "any person who is incarcerated, imprisoned, or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer").

of denials and affirmative defenses." *Id.* at 37. However, this statement from *Consolidated Apparel* is not helpful to the Board because that case was decided at a time when "[a]ctions for certiorari … were excluded from the summons and complaint procedure specified in WIS. STAT. § 801.02(1)." *See Tobler v. Door County*, 158 Wis. 2d 19, 24, 461 N.W.2d 775 (1990).

¶21 In *Tobler*, our supreme court explained that the legislature amended the relevant statutes in 1981 to render "extraordinary writs unnecessary and allow extraordinary remedies to be reached via the provisions used for ordinary civil actions." *Id.* (citing Judicial Council Committee Note, 1981, WIS. STAT. § 781.01). The court further "expound[ed] upon the obvious meaning of the legislature's action" by quoting the 1981 Judicial Council Committee notes, which in turn stated that these legislative changes "make[] the remedy available by one of the extraordinary writs also available by a final judgment or a provisional remedy in an ordinary action in circuit court." *Id.* (quoting Judicial Council Committee Note, 1981, § 781.01). Because the summons and complaint method of seeking a writ of certiorari was not available in 1961, *Consolidated Apparel*'s procedural discussion is not instructive.

¶22 In its reply brief, the Board makes the additional argument that our "various opinions regarding certiorari proceedings have been confusing and inconsistent" regarding whether there are two or three different methods for seeking a certiorari remedy.[5] "[W]e need not address issues or arguments raised for the first time in a reply brief." *Dane Cnty. Dep't of Hum. Servs. v. J.R.*, 2020 WI App 5, ¶40, 390 Wis. 2d 326, 938 N.W.2d 614 (2019) (citation omitted). However, we do

---

[5] We note that in its opening brief the Board expressed no confusion about the fact that WIS. STAT. § 801.02(5) sets forth "three manners" for commencing a certiorari action.

9

so here in order to dispel any suggestion that our case law has created confusion regarding the permissible ways to commence an action seeking a certiorari remedy.

¶23    As the Board notes, several of our published decisions expressly state that there are three procedures that may be used to commence an action seeking a certiorari remedy. *See **Tobler*** 158 Wis. 2d at 25 ("[U]nder the plain language of [WIS. STAT. §] 801.02(5), there are three methods by which a certiorari review 'may be commenced': (1) 'under sub. (1),' by use of a summons and complaint; (2) 'by service of an appropriate original writ'; or (3) 'by filing a complaint … … if service of … … the complaint and of an order … … is made upon the defendant.'" (quoting § 801.02(5)); ***Nickel River***, 156 Wis. 2d at 431 ("Section 801.02(5) … specifies three procedures to commence a certiorari action."); ***Koenig v. Pierce Cnty. Dep't of Hum. Servs.***, 2016 WI App 23, ¶19, 367 Wis. 2d 633, 877 N.W.2d 632 ("[Section] 801.02(5) sets forth three procedures a party may use to commence a certiorari action.").

¶24    The Board argues that we incorrectly stated that there were only two procedures in ***State ex rel. DNR v. Walworth County Board of Adjustment***, 170 Wis. 2d 406, 489 N.W.2d 631 (Ct. App. 1992). In that case, we stated that the appellant "correctly observes that there are two different procedures which can be used to commence certiorari review—a complaint procedure and a writ procedure." ***Id.*** at 415. However, in the very next sentence, we explained that

> the complaint procedure can be pursued by one of two alternate methods: the complaint and summons method, in which the respondent has sixty days to answer; or, the complaint and court order method, which is used when the time for service or the time for the respondent's answer needs to be shortened.

*Id.* at 415-16. Thus, our decision clearly identified the three methods available for commencing a certiorari action under WIS. STAT. § 801.02(5). We also specified that "the complaint and summons method" requires a timely response.[6] ***Walworth Cnty.***, 170 Wis. 2d at 416.

¶25 That leaves only ***Schwochert v. Marquette County Board of Adjustment***, 132 Wis. 2d 196, 201, 389 N.W.2d 841 (Ct. App. 1986), in which we incorrectly stated that "certiorari actions may be commenced in one of two ways—by obtaining and serving an original writ or by filing and serving a complaint and order." As the Board acknowledges, however, we explicitly withdrew this dictum four years later. *See* ***Nickel River***, 156 Wis. 2d at 431 n.2. We therefore fail to see a good faith basis for the Board's argument that ***Schwochert*** remains a source of confusion thirty-three years later.

---

[6] We note that this reference to a sixty-day period appears to conflict with our prior statement that "the defendant has twenty or forty-five days (depending on the defendant) to serve an answer." ***Nickel River Invs. v. City of La Crosse Bd. of Rev.***, 156 Wis. 2d 429, 432, 427 N.W.2d 333 (Ct. App. 1990). We need not resolve this potential discrepancy here because the Board's only contention in the circuit court was that it did not need to file an answer at all, "[u]nless ordered by the court." The Board never suggested that it should be given more time to answer, even though the circuit court gave the Board the opportunity to make that argument.

## CONCLUSION

¶26  Kurtzweil commenced this certiorari action by using one of the three procedures available under WIS. STAT. § 801.02(5): by using ordinary civil procedure and filing and serving a summons, complaint and amended complaint. We therefore conclude that the circuit court applied a proper standard of law when it determined that the Board was required to respond to Kurtzweil's complaint. The Board does not suggest that the court erroneously exercised its discretion in any other manner when it entered default judgment based on the Board's failure to respond. We therefore affirm the court's order granting default judgment to Kurtzweil.

*By the Court.*—Order affirmed.