# IN the INTEREST OF B.S., A Person Under 18 Years of Age: STATE of Wisconsin, Plaintiff-Respondent,

v.

## B.S., Defendant-Appellant.

Court of Appeals

*No. 86-0567. Submitted on briefs June 11, 1986.—Decided August 7, 1986.*

(Also reported in 394 N.W.2d 750.)

For the defendant-appellant the cause was submitted on the briefs of *Mary E. Waitrovich*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Kevin M. Schram*, assistant district attorney.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.  B.S., a delinquent child, appeals from that part of a dispositional order requiring him to pay restitution in the amount of $20.00 for lost wages incurred by his victim who missed work to testify at B.S.'s restitution hearing.[1] The issue is whether the trial court erred in ordering restitution under sec. 48.34(5), Stats. (1983–84)[2] for the victim's lost wages.

B.S. argues that lost wages are not an allowable item of restitution under sec. 48.34(5), Stats., and that the court lacked authority to order such restitution.

---

[1] B.S. moved the Chief Judge of the Court of Appeals, pursuant to sec. 809.41(1), Stats., for an order directing that this appeal be decided by a three-judge panel. The motion was granted April 17, 1986.

[2] Section 48.34(5), Stats. (1983–84), provides in part:

> If the child is found to have committed a delinquent act which has resulted in damage to the property of another, or actual physical injury to another excluding pain and suffering, the judge may order the child to repair damage to property or to make reasonable restitution for the damage or injury if the judge considers it beneficial to the well-being and behavior of the child. . . . Objection by the child to the amount of damages claimed shall entitle the child to a hearing on the question of damages before the amount of restitution is ordered.

This section was amended by sec. 7g, 1985 Wis. Act 311, effective May 7, 1986.

Because we conclude that the statute does not permit restitution for lost wages, we reverse.

## STANDARD OF REVIEW

The facts are undisputed, leaving only a question of statutory construction. "Questions of statutory interpretation are questions of law." *In Interest of J.V.R.*, 127 Wis.2d 192, 199, 378 N.W.2d 266, 269 (1985). When reviewing questions of law, this court need not give deference to the circuit court's decision. *Ball v. District No. 4, Area Board*, 117 Wis.2d 529, 537, 345 N.W.2d 389, 394 (1984).

> The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. To determine legislative intent, the court must look to the language of the statute. If the statute's meaning is clear on its face, the court shall not look outside the statute to determine legislative intent. If the statute is ambiguous, however, the court may look to the scope, history, context, subject matter, and object of the statute to determine legislative intent. A statute is ambiguous if it can be understood in either of two or more senses by reasonably well-informed people. [Citations omitted.]

*J.V.R.*, at 199–200, 378 N.W.2d at 269.

## STATUTORY AMBIGUITY

Section 48.34(5), Stats., permits the court to order the delinquent child to "repair damage to property or to

make reasonable restitution for the damage . . . if the judge considers it beneficial to the well-being and behavior of the child." The parties dispute whether "damage to property" includes wages lost by a victim who missed work to appear at a juvenile restitution hearing.

The state construes the phrase "damage to property" as including lost wages, relying on *In Interest of I.V.*, 109 Wis.2d 407, 326 N.W.2d 127 (Ct.App. 1982). In *I.V.*, we concluded that the term "damage" was ambiguous because reasonable minds could differ over whether "damage to property" includes unrecovered stolen property. *Id.* at 409, 326 N.W.2d at 129. The trial court had ordered I.V., a delinquent minor, to pay restitution under sec. 48.34(5), Stats., for property he stole and never returned to the owners. We concluded that the legislature did not intend by the use of the word "damage" to prohibit restitution for property which is completely lost to the owner, rather than merely damaged and repairable. *I.V.*, 109 Wis.2d at 410-11, 326 N.W.2d at 129. We construed the term "damage" as broad enough to encompass "loss" of unrecovered stolen property, not, as the state contends, broad enough to include *any* loss due to injury. *Id.* at 410, 326 N.W.2d at 129. Though "damage to property" was ambiguous under *I.V.*'s facts, that does not require a similar conclusion under the facts of this case.

Under the facts of this case, sec. 48.34(5), Stats., is clear on its face and therefore unambiguous. The statutory language allows restitution for damage to property and makes no reference to restitution for lost wages.

The state argues that because the remedial objectives of the restitution sections in the adult criminal

code and Children's Code are the same, victims of delinquent children should be able to recover lost wages just as victims of adult criminality may recover lost wages. We disagree. First, the statutory provisions differ.[3] Second, Wisconsin courts have rejected analogies between proceedings under the Children's Code and proceedings under the adult criminal code. *In re Interest of J.K. (a minor)*, 68 Wis.2d 426, 430, 228 N.W.2d 713, 715 (1975). "[T]he judicial determination of juvenile delinquency is not a criminal conviction . . . . The juvenile law is not to be administered as a criminal statute, and the rules of criminal procedure are not to be engrafted upon the Children's Code." *Winburn v. State*, 32 Wis.2d 152, 157-58, 145 N.W.2d 178, 180 (1966).

---

[3] Section 973.09(1)(b), Stats., of the adult criminal code provides in part:

> If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation . . . .

Section 973.09(8), Stats., provides:

> In this section, "pecuniary loss" means:
>
> (a) All special damages, but not general damages, substantiated by evidence in the record, which a person could recover against the probationer in a civil action arising out of the facts or events constituting the probationer's criminal activities, including, without limitation because of enumeration, the money equivalent of loss resulting from property taken, destroyed, broken or otherwise harmed and out-of-pocket losses, such as medical expenses; and
>
> (b) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense.

Because we conclude that the trial court lacked authority to order restitution for the victim's lost wages, we need not address the child's contention that the trial court's order deprived him of due process of law.

*By the Court.*—Order reversed.