Linda SAUER, as personal representative for the Estate of Randal Sauer, deceased, Andrew Sauer, Linda Sauer, and Employer Insurance of Wausau, Plaintiffs-Respondents, †

v.

RELIANCE INSURANCE COMPANY, Lunda Construction Company, State of Wisconsin Department of Transportation, Defendants,

Roger BOHN, Don Nerenhausen, Jerry Dantoin, Colleen Ottum, Charles Ryan, Robert Packee, Greg Bethke, Mike Vendehei, Gus Hanold, Jody Coniff, Larry Lacenski, Matt Greely, Bob Wittlinger, Lee Rollins, D. Strand, and Stanley W. Woods, Defendants-Appellants.

Court of Appeals

No. 88-2407. Submitted on briefs August 3, 1989.—Decided September 6, 1989.

(Also reported in 448 N.W.2d 256.)

† Petition to review denied.

On behalf of the defendants-appellants the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general and *Theodore L. Priebe,* assistant attorney general.

On behalf of the plaintiffs-respondents the cause was submitted on the brief of *Keary W. Bilka* of *Dewane, Dewane, Kummer & Lambert* of Manitowoc.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J. This is an action for wrongful death brought by the estate of Randal Sauer and other claimants (the estate). Randal drowned in the waters of the East Twin River in Manitowoc county. The principal issue on this appeal is whether the state of Wisconsin is the "owner" of the river bed within the meaning of the "recreational immunity" statute, sec. 895.52, Stats. The trial court ruled on a motion to dismiss that the state was not an "owner" under the statute, thereby precluding application of the statute's immunity protection to the individual appellants, all of whom are state employees of the Department of Transportation. We conclude that the state is the "owner" of the river bed within the meaning of the statute. We also reject the estate's other alternative arguments. Therefore, we reverse the trial court's ruling.

The complaint alleged that Randal drowned when he fell into a hole in the river bed while fishing. The hole was allegedly created as the result of a bridge replacement project on State Trunk Highway 147 which crosses

236

the river. The complaint alleged that the state employees were negligent while assisting in the replacement project.

The state employees' answer denied the material allegations of the complaint. They also moved for dismissal of the complaint under the "recreational immunity" statute, sec. 895.52(2), Stats. The statute provides:

> (2) NO DUTY; IMMUNITY FROM LIABILITY. (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:
> 1. A duty to keep the property safe for recreational activities.
> 2. A duty to inspect the property, except as provided under s. 23.115(2).
> 3. A duty to give warning of an unsafe condition, use or activity on the property.
> (b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for any injury to, or any injury caused by, a person engaging in a recreational activity on the owner's property or for any injury resulting from an attack by a wild animal.

*Id.* The parties agree that the exceptions set forth at subsecs. (3) to (6) are not applicable to this case.

While the state employees' motion to dismiss was pending, the estate filed an affidavit which modified its claim that Randal was fishing at the time of the accident. Instead, the affidavit stated that Randal was "walking down the river to go fishing" at the time of the accident. The parties agree that this expansion of the record beyond the pleadings converted the state employees' motion to dismiss to one for summary judgment. Sec. 802.06(2), Stats.; *Radlein v. Industrial Fire & Casualty Ins. Co.,* 117 Wis. 2d 605, 608–09, 345 N.W.2d 874,

876-77 (1984). The parties also agree that the issue presented by the state employees' motion is a legal one and that summary judgment was the proper vehicle for its resolution. Therefore, we will not repeat here the oft-recited methodology for summary judgment. *See Harman v. La Crosse Tribune,* 117 Wis. 2d 448, 451-52, 344 N.W.2d 536, 538-39 (Ct. App. 1983), *cert. denied,* 469 U.S. 803 (1984).

Section 895.52(1)(d), Stats., defines an "owner" as including "[a] person, including a governmental body or nonprofit organization, that *owns,* leases or occupies property." (Emphasis added.) The estate argues that the state's role as trustee over the public waters does not include ownership. Thus, the issue in this case is whether the state "owns" the river in question. Ordinarily, this would require us to construe the statute. However, the Wisconsin Supreme Court has already determined that the state's role of trustee equates with that of ownership.

> Section 30.12 and ch. 30, Stats., generally codify a number of common law doctrines regarding *the ownership of the beds of navigable waters.* This court stated in *Illinois Steel Co. v. Bilot,* 109 Wis. 418, 425, 84 N.W. 855 (1901):
> The *title to the beds* of all lakes and ponds, and of rivers navigable . . . within the boundaries of the state, became vested in it at the instant of its admission into the Union, in trust to hold the same so as to preserve to the people forever the enjoyment of the waters of such lakes, ponds, and rivers, to the same extent that the public are entitled to enjoy tidal waters at the common law.

*State v. Trudeau,* 139 Wis. 2d 91, 101, 408 N.W.2d 337, 341 (1987), *cert. denied,* 484 U.S. 1007 (1988) (emphasis

added). Based upon this precedent, we conclude that the state owns the bed of the East Twin River.[1]

Next, the estate argues that Randal was not engaged in "recreational activity" at the time of the accident. We set out the statutory definition of "recreational activity" in an accompanying footnote.[2] Accepting the estate's

[1]Since the trusteeship of the state over the public waters includes the "beds" of such waters, *State v. Trudeau,* 139 Wis. 2d 91, 101, 408 N.W.2d 337, 341 (1987), *cert. denied,* 108 S. Ct. 701 (1988), we reject the estate's alternative argument that use of the term "waters" in sec. 895.52, Stats., does not include the beds of such waters.

We also reject the trial court's reliance on *Legion Clubhouse, Inc. v. City of Madison,* 248 Wis. 380, 21 N.W.2d 668 (1946), holding that a corporate owner of an American Legion clubhouse did not qualify for a tax exemption granted to certain facilities owned by the American Legion. We question the application of a tax case, with its differing rules regarding taxation exemptions and exceptions, to a case involving the state's trusteeship over public waters. Moreover, the facts of *Legion Club* reveal two distinct legal entities—the American Legion and the Legion Club, Inc. The supreme court held that the tax exemption accrued only to the former and not the latter. Here, we deal with only one entity—the state—and whether its trusteeship embraces the concept of ownership.

[2]Section **895.52(1)**(g) Stats. reads:

"Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature and any other outdoor sport, game or educational activity, but does not include any organized team

affidavit that Randal was "walking down the river to go fishing" and was not actually fishing at the time of the accident, we nonetheless conclude that Randal was engaged in "recreational activity" within the meaning of the statute.

The interpretation of a statute is a question of law. *In re B.S.,* 133 Wis. 2d 136, 138, 394 N.W.2d 750, 751 (Ct. App. 1986). When reviewing such questions, we need not give deference to the trial court's ruling. *Id.*[3] Moreover, accepting that Randal was "walking down the river to go fishing" at the time of the accident, the facts in this case are undisputed. The application of a statute to an undisputed set of facts also presents a question of law. *In re K.N.K.,* 139 Wis. 2d 190, 198, 407 N.W.2d 281, 285 (Ct. App. 1987).

Our initial inquiry is whether the statute is plain or ambiguous. *In re I.V.,* 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128–29 (Ct. App. 1982). The specific examples of "recreational activity" set forth in sec. 895.52(1)(g), Stats., do not include walking in a river to go fishing. However, these examples are not exclusive. *Id.* The statute also recites a very general and broad definition of "recreational activity": "any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure." *Id.* In addition, 1983 Wis. Act 418, by which sec. 895.52, Stats., was enacted, provides in part at sec. 1:

sport activity sponsored by the owner of the property on which the activity takes place.

[3]Here there is no underlying ruling. The trial court did not address whether Randal's actions were "recreational activity" within the meaning of sec. 895.52(1)(g), Stats., because the court had already concluded that the state was not an "owner" under the statute.

While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, *this legislation should be liberally construed in favor of property owners to protect them from liability.* [Emphasis added.]

Depending upon the facts of a given case, the same statute may be found ambiguous in one setting and unambiguous in another. *Compare I.V.,* 109 Wis. 2d at 409, 326 N.W.2d at 129, *with B.S.,* 133 Wis. 2d at 139, 394 N.W.2d at 752. The broad definition of "recreational activity" in sec. 895.52(1)(g), Stats., and the legislature's directive as to its liberal interpretation brings us to conclude that, as applied to the facts of this case, the statutory language is clear and unambiguous. These same guides satisfy us that Randal's activities at the time of the accident constituted "recreational activity" within the meaning of the statute.

The estate's final defense to the trial court's ruling is presented solely for purposes of preserving the record. The estate argues that the "recreational statute," sec. 895.52, Stats., does not apply to artificially created conditions. Since it is alleged that Randal drowned as the result of falling into a hole created by the negligence of the state employees in the course of replacing the bridge, the estate contends that the condition was artificial and the statute does not apply. This argument was rejected by our supreme court in *Wirth v. Ehly,* 93 Wis. 2d 433, 447, 287 N.W.2d 140, 147 (1980). We have no authority to supersede governing supreme court holdings. *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 221, 369 N.W.2d 743, 747 (Ct. App. 1985).

We reverse the order of the circuit court and remand this case to the trial court with instructions to grant the state employees' motion for summary judgment.

*By the Court.*—Order reversed and cause remanded.