CITY OF BROOKFIELD, Plaintiff-Appellant,

v.

WISCONSIN EMPLOYMENT RELATIONS COM-
MISSION, and Brookfield Firefighters Association,
Defendants-Respondents.

Court of Appeals

*No. 89-0345. Submitted on briefs September 17,
1989.—Decided November 8, 1989.*

(Also reported in 450 N.W.2d 495.)

■■■■■■■■■■■■

■■■■■■

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Roger E. Walsh* of *Lindner & Marsack, S.C.* of Milwaukee.

On behalf of the defendant-respondent, Wisconsin Employment Relations Commission, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *David C. Rice,* assistant attorney general.

On behalf of the defendant-respondent, Brookfield Firefighters Association, the cause was submitted on the brief of *John K. Brendel* of Brookfield.

On behalf of the Professional Firefighters of Wisconsin, an amicus curiae brief was filed by *Richard V. Graylow* of *Lawton & Cates, S.C.* of Madison.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J.   The city of Brookfield appeals from a circuit court judgment affirming a Wisconsin Employment Relations Commission (WERC) declaratory ruling that the Brookfield Professional Firefighters Association's (union) collective bargaining proposal regarding post-retirement group health insurance is a subject of mandatory bargaining. The proposal seeks to obligate the city to provide, beyond the term of the proposed collective bargaining agreement, group health insurance benefits to employees retiring during the term of the agreement. The city contends that the proposal violates sec. 111.70(3)(a)4, Stats., which limits the term of any collective bargaining agreement to three years. We conclude that the statute does not preclude bargain-

239

ing on the union's proposal. Therefore, we affirm the circuit court's judgment.

The facts in this case are not in dispute. The city is a municipal employer which operates a fire department. During collective bargaining for a successor agreement to the 1985–86 agreement, the union proposed that the city, subject to certain limitations, provide group health insurance to firefighters retiring during the term of the proposed agreement.[1] The city refused to bargain with the union on this proposal, contending that it violated sec. 111.70(3)(a)4, Stats., which provides, in part: "The term of any collective bargaining agreement shall not exceed 3 years."

On June 1, 1987, the city petitioned the commission pursuant to sec. 111.70(4)(b), Stats., for a declaratory ruling as to whether the proposal was a mandatory subject of bargaining. The commission concluded that the proposal did not violate the three-year limitation of sec. 111.70(3)(a)4 and ruled that the proposal was a mandatory subject of bargaining. The city appealed the commission's decision to the circuit court. The court

---

[1]The full proposal reads as follows:

Commencing 1/1/87, upon an employee's "normal" retirement (as defined per Wis. Stat. Sec. 40.23) or upon an employee's termination due to disability (as defined in Sec. 40.65(4), Wis. Stats.), the City shall, at City expense, provide the employee with a single or family plan, as applicable, of group health insurance equal to the coverage or plan that the employee participated in at the time of retirement or termination. Such City payments shall continue monthly thereafter until any of the following events become applicable to the employee:
(a)  The death of the employee;
(b)  The employee and his/her spouse attain age 65;
(c)  The employee and his/her spouse is qualified for Medicare;
(d)  The employee and his/her spouse is a participant in a substantially similar group health insurance plan provided by a subsequent employer during the period of such participation.

affirmed the commission's decision. The city appeals to us. The Professional Firefighters of Wisconsin has participated in this appeal as *amicus curiae.*

The parties initially differ on the appropriate standard of review, citing different Wisconsin Supreme Court authority for their respective positions. The city argues that the issue is one permitting *de novo* review without deference to the commission because the interpretation of sec. 111.70(3)(a)4, Stats., by the commission is not one "long continued, substantially uniform and without challenge by government authorities and courts." *Wisconsin Dep't of Employment Relations v. WERC,* 122 Wis. 2d 132, 138, 361 N.W.2d 660, 663 (1985). The city also contends that the statute is clear and unambiguous and, thus, deference to the commission is not appropriate. *See American Motors Corp. v. DILHR,* 101 Wis. 2d 337, 356, 305 N.W.2d 62, 71 (1981).

The union, commission and *amicus* contend that "[w]hen the legislature charges an administrative agency to apply and enforce a particular statute as it has with the commission and ch. 111, Stats., the agency's construction and interpretation of the statute are entitled to great weight and any rational basis will sustain its practical interpretations." *School Dist. of Drummond v. WERC,* 121 Wis. 2d 126, 132–33, 358 N.W.2d 285, 288 (1984).

Assuming without deciding that the standard of review argued by the city is appropriate, we nonetheless conclude that sec. 111.70(3)(a)4, Stats., does not preclude mandatory bargaining on the union's proposal.

■■■

The statute is clear and unambiguous: the term of a collective bargaining agreement may not exceed three years. Reasonable minds could not differ as to the thrust of this language. *See LaCrosse Footwear, Inc. v. LIRC,*

147 Wis. 2d 419, 423, 434 N.W.2d 392, 394 (Ct. App. 1988). Nor does application of the undisputed facts in this case to the statute render the statute ambiguous. *See Sauer v. Reliance Ins. Co.,* 152 Wis. 2d 234, 448 N.W.2d 256 (Ct. App. 1989). The union's proposal for group health insurance coverage beyond the term of the proposed agreement does not cloud the clear meaning of the statute.

Contracts commonly impose deferred obligations beyond the stated term of the agreement. Although not addressing a challenge under sec. 111.70(3)(a)4, Stats., and not binding on us as precedent, WERC has previously accepted this contractual principle in its holding that deferred compensation in the form of deferred group health insurance is a subject of mandatory bargaining:

> Clearly, retirement benefits bargained as part of an overall compensation package need not be limited to the payment of a pension, but they may well include payments of health insurance premiums or, as here, the right to continue in a group health insurance program. Wages bargained in exchange for the performance of work as an active employe (prior to retirement) can take the form of payments and fringe benefit privileges paid to the employe contemporaneously with the active service or deferred so that payment to the employe occurs at a later date. Whether contemporaneous or deferred, the compensation involved is in exchange for the work performed by the employe during the term of the contract prior to retirement . . ..
>
> Thus, in our view, if the instant clause applies only to current employes who retire during the term of the agreement, it would be a mandatory subject even though the County's obligations to such individ-

uals would begin only at the time of the individuals' retirement.

*In re Green County,* No. 21144, slip op. at 8–9 (WERC Nov. 1, 1983).

We find this reasoning persuasive and adopt it here. The union's proposal in this case does not affect the duration of the proposed collective bargaining agreement. As in *Green County,* it merely delays the city's deliverance of a portion of the firefighters' compensation to a time after the contract term has expired. As WERC appropriately noted in its decision in this case, "The statutory 3 year limit on contract length functions to assure the regular occurrence of the bargaining process by which it is determined whether proposals such as this become or remain part of a contract. The 3 year limitation does not function as a limitation upon the scope of deferred compensation proposals." (Footnote omitted.) We agree with this statement.[2]

*By the Court.*—Judgment affirmed.

---

[2]The city also argues that the union's deferred compensation proposal in this case can be distinguished from other recognized deferred compensation such as vacation pay, paid sick leave, and pension benefits because the latter are fixed, ascertainable and funded as of the date of retirement whereas the former is not. We do not see these distinctions as bearing upon the legality of the union's proposal under sec. 111.70(3)(a)4, Stats. Nor did WERC in *In re Green County,* No. 21144 (WERC Nov. 1, 1983).

We do not read the city's brief as contending that the union's proposal is not "primarily related" to wages, hours and conditions of employment. *See West Bend Educ. Ass'n v. WERC,* 121 Wis. 2d 1, 8–9, 357 N.W.2d 534, 538 (1984). Rather, the city argues

that the proposal is not subject to mandatory bargaining because of sec. 111.70(3)(a)4, Stats., and because the city's obligation is not fixed and funded.