COUNTY OF LA CROSSE, Petitioner-Appellant,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,
Defendant-Respondent-Petitioner,

WISCONSIN PROFESSIONAL POLICE ASSOCIATION, Interve-
nor-Petitioner.

Supreme Court

*No. 90–2739. Oral argument September 7, 1993.—Decided
December 7, 1993.*

(Also reported in 508 N.W.2d 9.)

For the defendant-respondent-petitioner the cause was argued by *David C. Rice,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the intervenor-petitioner there were briefs by *Lee Cullen, Richard Thal* and *Cullen, Weston, Pines & Bach,* Madison and oral argument by *Richard Thal.*

For the petitioner-appellant there was a brief and oral argument by *William A. Shepherd,* LaCrosse, assistant corporation counsel.

Amicus curiae brief was filed by *Robert W. Mulcahy, John J. Prentice* and *Michael, Best & Friedrich,* Milwaukee for the Wisconsin Counties Association.

JON P. WILCOX, J.   The sole issue on this review is whether a bargaining proposal by the Wisconsin Professional Police Association (WPPA) that would require La Crosse County to make its contributions to the Public Employee Trust Fund for its jailers equal in amount to those made for its Protective Occupation Participants (POPs)[1] is a mandatory subject of bargaining.

The court of appeals, in a published decision,[2] reversed the order of the La Crosse County Circuit Court, Judge John J. Perlich presiding, which affirmed a determination by the Wisconsin Employment Relations Commission (WERC) that the proposal was a mandatory subject of bargaining. We granted review of this appeal pursuant to Section (Rule) 809.62, Stats. We now reverse the decision of the court of appeals.

The facts are not in dispute. Beginning in November of 1988, and continuing into 1989, La Crosse County and WPPA, representing the county's deputy sheriffs and jailers, attempted to negotiate an extension of their collective bargaining agreement. During

---

[1] The term "Protective Occupation Participant" is defined at sec. 40.02(48), Stats.

[2] *County of La Crosse v. WERC,* 170 Wis. 2d 155, 488 N.W.2d 94 (Ct. App. 1992)

the course of those negotiations, WPPA offered the following bargaining proposal on behalf of the deputies and jailers:

> Effective January 1, 1990, the county shall pay the full amount of the established employer's and employees' contribution rates of Protective Service schedule for all deputies and jailers covered by this agreement.

Upon receiving WPPA's proposal, La Crosse County petitioned WERC under sec. 111.70(4)(b), Stats.,[3] for a declaratory ruling on the question of whether the proposal was a mandatory or permissive subject of bargaining.

It is clear from their arguments before WERC that both La Crosse County and WPPA assumed that the proposal required the county to reclassify its jailers as POPs for Wisconsin retirement system purposes. In fact, until quite recently, all the parties continued to characterize the proposal in that fashion. As a result, virtually the entire focus of this litigation has centered on one issue, that being whether a proposal requiring a county to reclassify its jailers as POPs is a mandatory subject of bargaining.[4]

---

[3] Section 111.70(4)(b), Stats., provides in part: "Whenever a dispute arises between a municipal employer and a union of its employees concerning the duty to bargain on any subject, the dispute shall be resolved by the commission on petition for a declaratory ruling."

[4] WPPA, and later WERC, have argued that although the proposal required a POPs reclassification, it nonetheless was a mandatory subject of bargaining under sec. 111.70(1)(a), Stats., because it related primarily to compensation. This reasoning is developed in greater detail later in the body of this opinion.

Understandably, that characterization of the issue is reflected in WERC's declaratory ruling and the decisions of the circuit court and court of appeals. Due to the nature of our holding today, we need not examine the reasoning expressed in those opinions other than to note that they were predicated completely upon the assumption that WPPA's proposal required the county to reclassify its jailers as POPs.[5]

It was not until oral argument before this court that counsel for WERC and WPPA first suggested a different characterization of WPPA's original proposal. The new argument was prompted by counsels' discovery, the evening prior to oral argument, of sec. 40.05(2)(g)1, Stats. That statute provides that:

> A participating employer may make contributions as provided in its compensation agreements for any participating employee in addition to the employer contributions required by this subsection . . . .

In light of sec. 40.05(2)(g)1, WERC argued for the first time that WPPA's proposal could be interpreted as merely asking the county to increase the level of retirement fund contributions it made on behalf of its jailers. In other words, the proposal need not be read so as to require the county to reclassify the jailers as POPs.

---

The county, on the other hand, has argued that the decision to classify jailers as POPs, essentially, is statutorily left to its discretion under sec. 40.02(48)(a), Stats., and thus cannot be a mandatory subject of bargaining.

[5] This is reflected in the opening sentence of the court of appeals decision: "In this appeal, we decide that whether La Crosse County shall classify its jailers as protective occupation participants in the Wisconsin retirement system is not a mandatory subject of bargaining under sec. 111.70(1)(a), Stats." *County of La Crosse,* 170 Wis. 2d at 161.

Thus characterized, WERC argued that the proposal fell under sec. 40.05(2)(g)1, and sec. 111.70(1)(a),[6] thereby making it a mandatory subject of bargaining. Owing to the eleventh-hour nature of WERC's new position, we allowed the parties to submit supplemental briefs.

In their joint supplemental brief, WERC and WPPA reiterate the view that in light of sec. 40.05(2)(g)1, Stats., this court could interpret WPPA's original bargaining proposal as merely requesting increased retirement fund contributions by the county. If we adopt that characterization, the proposal clearly, in their estimation, is a mandatory subject of bargaining. Their reasoning in this regard is easily summarized. First, they point to previous decisions of this court which held that under sec. 111.70(1)(a), proposals "primarily related" to wages, hours and conditions of employment are mandatory subjects of bargaining. *West Bend Education Assn. v. WERC*, 121 Wis. 2d 1, 8–9, 357 N.W.2d 534 (1984); *Unified School District No. 1 of Racine County v. WERC*, 81 Wis. 2d 89, 102, 259 N.W.2d 724 (1977). Next, they cite *City of Brookfield v. WERC*, 153 Wis. 2d 238, 242–43, 450 N.W.2d 495 (Ct. App. 1989) ("*Brookfield II*"), for the proposition that proposals dealing with retirement benefits and other forms of deferred compensation are "primarily related" to wages. Since the WPPA offer is such a proposal, it is a mandatory subject of bargaining.

Alternatively, WERC and WPPA suggest that we could still interpret WPPA's proposal as requiring a POPs reclassification by the county. They believe that

---

[6] Section 111.70(1)(a), Stats., requires municipal employers to bargain with respect to "wages, hours and conditions of employment. . . ."

such an interpretation is reasonable because it is how the parties themselves have framed the issue throughout. In fact, WERC and WPPA encourage us to adopt this latter characterization and proceed to the question thereby posed, namely, whether a bargaining proposal that requires a county to reclassify its jailers as POPs is a mandatory subject of bargaining.

La Crosse County, in its supplemental brief, agrees that if we interpret WPPA's proposal as merely requiring additional retirement fund contributions, it is a mandatory subject of bargaining. It vigorously disputes that characterization, however, labelling it an attempt by WPPA to "disguise" the real issue. That issue, according to the county, is whether a proposal that requires the county to make a POPs reclassification is a mandatory subject of bargaining. Needless to say, the county believes it cannot be forced to bargain on any proposal that encompasses such a requirement. The county also argues that sec. 40.05(2)(g)1, Stats., has no bearing on this case because WPPA's proposal, as both WPPA and WERC maintained until oral argument, implicates not only the level of trust fund contributions, but the entire range of additional benefits to which POPs are entitled, including an earlier retirement age and unique disability benefits.[7]

---

[7] The "ARGUMENT" section of WERC's initial brief to this court opens with the following assertion:

> THE WPPA BARGAINING PROPOSAL, WHICH WOULD REQUIRE THE COUNTY TO TREAT JAILERS AS "PROTECTIVE OCCUPATION PARTICIPANTS" FOR PURPOSES OF RETIREMENT BENEFITS AND CONTRIBUTION LEVELS UNDER CH. 40, STATS., IS A MANDATORY SUBJECT OF BARGAINING UNDER MERA.

Before proceeding with our analysis, we note that normally, WERC's rulings with respect to the bargaining nature of proposals are entitled to "great weight." *West Bend,* 121 Wis. 2d at 13. That deference is predicated on the commission's perceived expertise in collective bargaining matters. *Id.* at 12. Yet, courts of this state have held that such deference is unwarranted when the proposal in question requires harmonization of the Municipal Employment Relations Act (MERA) (secs. 111.70–111.77, Stats.) with other state statutes. See, *City of Brookfield v. WERC*, 87 Wis. 2d 819, 826–27, 275 N.W.2d 723 (1979) (*"Brookfield I"*); *Glendale Professional Policemen's Assn. v. City of Glendale*, 83 Wis. 2d 90, 100–01, 264 N.W.2d 594 (1978). Such legal questions fall within the special competence of courts. *Glendale,* 83 Wis. 2d at 100–01. Moreover, deference is particularly unwarranted in this case because our decision today is based upon a characterization of the case that was neither presented to nor addressed by WERC during its original determination. For these reasons, our review of WPPA's proposal is *de novo.*

We accept the interpretation first raised by WERC at oral argument. The language of WPPA's proposal is directed solely at the level of contributions the county must make to the Public Employee Trust Fund. As such, it falls squarely within the scope of sec. 40.05(2)(g)1, Stats. Under that statute, it is clear that the legislature intended counties to be able to bargain with respect to the level of retirement fund contributions they make for their employees.

The county argues that this language indicates that WPPA has consistently asked not only for increased trust fund contributions, but for all the retirement benefits of POPs.

107

Furthermore, we agree with the reasoning expressed in *Brookfield II*, that proposals dealing with retirement benefits are "primarily related" to wages. *Id*. at 242–43. In *Brookfield II,* the proposal at issue concerned the union's attempt to make the city provide group health insurance benefits to employees retiring during the three year term of the collective bargaining agreement. The court of appeals held that such a proposal was a mandatory subject of bargaining, in part because "it merely delays the city's deliverance of a portion of the firefighters' compensation to a time after the contract term has expired." *Id*. at 243. In this case WPPA's proposal merely asks the county to increase the level of its contributions to the Public Employee Trust Fund. Rather than taking the wages today, the union seeks their deferral until its members receive them in the form of retirement benefits. Such a proposal is "primarily related" to wages, and a mandatory subject of bargaining under sec. 111.70(1)(a), Stats.

Finally, we refrain from deciding whether a union's demand that a county reclassify its jailers as POPs is a mandatory subject of bargaining. That issue is not before us on the facts of this case.

For these reasons, we reverse the decision of the court of appeals, and reinstate the order of the circuit court insofar as it holds that WPPA's proposal is a mandatory subject of bargaining.

*By the Court.*—The decision of the court of appeals is reversed.

Justice JANINE P. GESKE, took no part.