Joseph MATTILA and Charles V. Law, Plaintiffs-Respondents,

v.

EMPLOYE TRUST FUNDS BOARD, Defendant-Appellant,

DOUGLAS COUNTY, Intervenor-Appellant.

Court of Appeals

*No. 00–0759. Submitted on briefs December 13, 2000.—Decided March 29, 2001.*

2001 WI App 79

(Also reported in 626 N.W.2d 33.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *L. Jane Hamblen,* assistant attorney general, and *James E. Doyle,* attorney general.

On behalf of the intervenor-appellant, the cause was submitted on the briefs of *William G. Thiel* of *Weld, Riley, Prenn & Ricci, S.C.,* Eau Claire.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Richard Thal* of Madison.

Before Dykman, P.J., Vergeront and Deininger, JJ.

¶ 1.   DEININGER, J.   The Employe Trust Funds Board appeals a circuit court order which reversed its decisions in a dispute between Douglas County and two sheriff's department employees regarding their status

as participants in the state retirement system. The Board had determined that the County properly classified the two as general category employees rather than protective occupation participants. The circuit court, however, concluded that the Board erred because the employees "were legally appointed deputy sheriffs who performed certain deputy duties on a regular basis," thus qualifying them as "protective occupation participants" under WIS. STAT. § 40.02(48) (1999–2000).[1] We accord the Board's application of the statute to the present facts great weight deference, and we find its interpretation reasonable. Accordingly, we reverse the circuit court order and reinstate the Board's decisions.

## BACKGROUND

¶ 2. The County and the employees have stipulated to most of the facts relevant to their dispute. The following paragraph summarizes the stipulated facts.

¶ 3. Joseph Mattila and Charles Law have been employed as jailers with the Douglas County Sheriff's Department since 1979. In 1988–89, each obtained certification from the Department of Justice Law Enforcement Training Standards Board as a law enforcement officer. After they became certified, the Douglas County Sheriff deputized the two men, and "each has, from time to time in the past and continues to serve from time to time in functions reserved to Deputy Sheriffs . . . performing law enforcement functions not reserved to or performed by jailers." These "law enforcement functions" are performed "upon request or demand of the Sheriff and/or a subordinate,"

---

[1] The relevant portions of the cited statute are quoted and discussed in the text of this opinion. All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

and include such things as road patrol, special response team or SWAT assignments, civil process service, and prisoner transports. Since their certification as law enforcement officers, however, each employee "has spent more than one-half of his work time performing jailer duties."

¶ 4. The County classified both Mattila and Law, along with all other Douglas County jailers, as "general category" employees for purposes of their participation in the state retirement system. They both requested in 1995 that the County report them as "protective occupation participants," but the County denied their requests. Each appealed the denial to the Board, which combined the two appeals for hearing and disposition. *See* WIS. STAT. § 40.06(1)(e). The Board found that Douglas County does not require its jailers to be law enforcement certified, although several jailers, like Mattila and Law, are so certified. The Board also noted that the Douglas County Sheriff had deputized *all* Sheriff's Department employees, including jailers, secretaries and receptionists.

¶ 5. In affirming the County's "general employee" classification of the two jailers, the Board concluded that in order to meet the requirements for a "protective occupation participant" under WIS. STAT. § 40.02(48)(a), an employee must show that fifty-one percent or more of his or her duties involve "active law enforcement." It further determined that the duties of a jailer in Douglas County do not meet this test, and that Mattila's and Law's principal duties "clearly fall more within the scope of security services than active law enforcement." Finally, in the Board's view, the two men were not "employed as . . . deputy sheriff[s] within the meaning of WIS. STAT. § 40.02(48)(am) and (b)(3)."

¶ 6. Mattila and Law sought review of the Board's final decision in the Dane County circuit court. Although it acknowledged that it "must give deference to the Board's legal interpretations," the court concluded that the stipulated fact "that the sheriff of Douglas County appointed each plaintiff as a deputy sheriff is dispositive." The court went on to conclude that the Board erred in failing to give the term "deputy sheriff" in WIS. STAT. § 40.02(48)(am) its "plain, ordinary, obvious meaning"; that Mattila and Law come within the term as used in that paragraph; and that they therefore must be classified as protective occupation participants, regardless of whether they would qualify under the provisions of § 40.02(48)(a).

¶ 7. The Board appeals the circuit court order reversing its decisions, and we have granted Douglas County's request to intervene as an appellant.

## ANALYSIS

■

¶ 8. In deciding an appeal from a circuit court's order affirming or reversing an administrative agency's decision, we review the decision of the agency, not that of the circuit court. *Barnes v. DNR*, 178 Wis. 2d 290, 302, 506 N.W.2d 155 (Ct. App. 1993), *aff'd*, 184 Wis. 2d 645, 516 N.W.2d 730 (1994). The threshold question in this appeal, as in many involving the review of agency determinations, is the appropriate standard for our review. Specifically, what level of deference are we to accord the Board's interpretation and application of WIS. STAT. § 40.02(48)? The Board and the County urge us to accord great weight deference, while Mattila and Law seek a de novo review by this court. We conclude that great weight deference is the proper standard.

¶ 9. A court should accord an agency's statutory interpretation great weight deference if: (1) the legislature has charged the agency with the duty of administering the statute; (2) the agency's interpretation is one of long-standing; (3) the agency used its expertise or specialized knowledge in forming the interpretation; and (4) the interpretation of the agency will provide uniformity and consistency in the application of the statute. *See Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 660, 539 N.W.2d 98 (1995). There is no question.that the first criterion is met: the legislature has charged the Board with the duty of deciding appeals by retirement system participants of an employer's classification regarding protective occupation status under WIS. STAT. § 40.02(48). *See* WIS. STAT. § 40.06(1)(e).

¶ 10. Likewise, there can be little dispute that the Board has acquired considerable experience, expertise, and specialized knowledge regarding "protective occupation" determinations, that it used its expertise and knowledge in deciding this appeal, and that its interpretation fosters the uniform and consistent application of the statute. *See County of La Crosse v. WERC*, 170 Wis. 2d 155, 169–70, 488 N.W.2d 94 (Ct. App. 1992), *reversed on other grounds*, 180 Wis. 2d 100, 508 N.W.2d 9 (1993) (noting that since at least 1986, " '[t]he DETF Board has reviewed appeals from jailers who are classified as general employees, and . . . deemed that they do *not* meet the requirement[s] for protective designation under present statutes' "). Mattila and Law contend, however, that the precise issue presented in this appeal is one of first impression because it involves jailers who are also certified law

enforcement officers, who are deputized by the sheriff, and who sometimes perform law enforcement duties.

¶ 11. We disagree that by emphasizing the uniqueness of certain facts presented to an administrative agency, an appellant of the agency's determination can obtain de novo judicial review of its statutory interpretation. As we have previously explained:

> The test is not, however, whether the commission has ruled on the precise—or even substantially similar—facts in prior cases. If it were, given the myriad factual situations to which the provisions of [a statute] may apply, deference would indeed be a rarity. Rather, the cases tell us that the key in determining what, if any, deference courts are to pay to an administrative agency's interpretation of a statute is the agency's experience in administering the particular statutory scheme—and that experience must necessarily derive from consideration of a variety of factual situations and circumstances. Indeed, we have recognized in a series of cases that an agency's experience and expertise need not have been exercised on the precise—or even substantially similar—facts in order for its decisions to be entitled to judicial deference.

*Barron Elec. Coop. v. PSC*, 212 Wis. 2d 752, 764, 569 N.W.2d 726 (Ct. App. 1997) (footnote omitted).

██

¶ 12. Accordingly, we will grant great weight deference to the Board's interpretation and application of WIS. STAT. § 40.02(48). Our inquiry thus becomes whether the Board's interpretation is reasonable, and the burden is on Mattila and Law to show that the Board's interpretation is unreasonable. *Harnischfeger*, 196 Wis. 2d at 661. "An interpretation is unreasonable if it directly contravenes the words of the statute, it is

clearly contrary to legislative intent or it is without rational basis." *Id.* at 662.

¶ 13.     We begin with the language of the statutory provisions at issue. WISCONSIN STAT. § 40.02(48)(a) defines "protective occupation participant" to mean "any participant whose principal duties are determined by the participating employer . . . to involve active law enforcement or active fire suppression or prevention, provided the duties require frequent exposure to a high degree of danger or peril and also require a high degree of physical conditioning." The statute goes on, however, to specify that "protective occupation participant" includes:

> [A]ny participant whose name is certified to the fund as provided in s. 40.06(1)(d) . . . and who is a conservation warden, conservation patrol boat captain, conservation patrol boat engineer, conservation pilot, conservation patrol officer, forest fire control assistant, member of the state traffic patrol, state motor vehicle inspector, police officer, fire fighter, sheriff, undersheriff, *deputy sheriff,* state probation and parole officer, county traffic police officer, state forest ranger, fire watcher employed at the Wisconsin veterans facilities, state correctional-psychiatric officer, excise tax investigator employed by the department of revenue, special criminal investigation agent in the department of justice, assistant or deputy fire marshal, or person employed under s. 61.66(1).

Section 40.02(48)(am) (emphasis added). And, as further guidance, § 40.02(48)(b) specifies that "[e]ach determination of the status of a participant under this

subsection shall include consideration, where applicable, of the following factors":[2]

> 3. A "deputy sheriff" . . . is any officer or employee of a sheriff's office or county traffic department, except one whose principal duties are those of a telephone operator, clerk, stenographer, machinist or mechanic and whose functions do not clearly fall within the scope of active law enforcement even though such an employee is subject to occasional call, or is occasionally called upon, to perform duties within the scope of active law enforcement. Deputy sheriff . . . includes any person regularly employed and qualifying as a deputy sheriff . . . even if temporarily assigned to other duties.

¶ 14. The Board acknowledged in its decision that "[a] 'deputy sheriff' is one of the occupations listed under par. (am) of [WIS. STAT. § 40.02(48)], and is defined under par. (b)3 of that [sub]section." It concluded, however, that Douglas County did not employ Mattila and Law as deputy sheriffs within the meaning of paragraph (am), but as jailers. And, because "a jailer is not one of the occupations listed under par. (am) . . .

---

[2] In its brief to this court, the Board asserts that WIS. STAT. § 40.02(48)(b)3 plainly excludes Mattila and Law from qualifying as deputy sheriffs because, in the words of the subdivision, their "functions" as jailers "do not clearly fall within the scope of active law enforcement even though" the two are "subject to occasional call, or [are] occasionally called upon, to perform duties within the scope of active law enforcement." The Board did not rely on this rationale in its final decision, however, and the trial court concluded that the quoted language does not apply to Mattila and Law, because they normally function as jailers, not as telephone operators, clerks, stenographers, machinists or mechanics. In affirming the Board's decision, we do not rely on this portion of the Board's argument, nor do we address it further.

the only means by which [they] can qualify as . . . protective occupation participant[s] through . . . service as a jailer is to establish . . . qualification under par. (a)." The Board then concluded that because fifty-one percent or more of a Douglas County jailer's duties do not involve "active law enforcement," the two jailers did not qualify as protective occupation participants.[3]

¶ 15. Mattila and Law argue that the Board's determination that they are not employed as deputy sheriffs is unreasonable, and thus should be reversed even under a deferential standard of review. They point out that it is undisputed that each of them had obtained law enforcement officer certification and had been deputized by the Douglas County Sheriff, and

---

[3] For its conclusion that the term "principal duties" in WIS. STAT. § 40.02(48)(a) means "51% or more of the duties," the Board cited the discussion in *County of La Crosse v. WERC*, 170 Wis. 2d 155, 167, 488 N.W.2d 94 (Ct. App. 1992), *reversed on other grounds*, 180 Wis. 2d 100, 508 N.W.2d 9 (1993). The Board also adopted the following "working definition of engaging in 'active law enforcement' for [state retirement system] purposes," which it derived from numerous statutory references to "law enforcement officers":

> [T]o hold an office or public employment lawfully vested with a duty to maintain public order, being duly authorized to make arrests for violations of the laws or ordinances the person is employed by the participating employer to enforce and (while in said office or employment) to be actively, currently and directly involved in detecting and preventing crime and enforcing laws or the ordinances of a participating employer.

Mattila and Law do not challenge the Board's definitions for these terms in § 40.02(48)(a), nor do they argue that the duties they perform as jailers fall within the scope of "active law enforcement." Rather, their claim is that the terms are irrelevant, given that they qualify as protectives under § 40.02(48)(am) because they are "deputy sheriffs."

each performed law enforcement duties, from time to time, when requested to do so. According to Mattila and Law, the fact that they actually spend more than fifty percent of their employment time performing non-law enforcement, jailer's duties is irrelevant. They contend that "[u]nder WIS. STAT. § 40.02(48)(am) and (b)3, a county is obligated to classify all deputy sheriffs, regardless of their assigned duties, as protectives." Essentially, the two employees argue that the sheriff's decision to deputize them precludes the County from classifying them as other than protective occupation participants: "Mattila and Law qualify as protectives because they are deputy sheriffs. Under WIS. STAT. § 40.02(48)(am) and (b)(3), deputy sheriffs who perform jailer duties are *ipso facto*—like all other deputy sheriffs—entitled to be classified as protectives."

¶ 16.   We reject the employees' contention. Mattila's and Law's reading of WIS. STAT. § 40.02(48) would vest in the sheriff absolute control over a sheriff's department employee's classification for retirement system purposes. In their view, once a sheriff deputizes an employee (except "a telephone operator, clerk, stenographer, machinist or mechanic," *see* § 40.02(48)(b)3), neither the employing County nor the Board may classify the employee as other than a protective occupation participant. Thus, jailers, dispatchers, radio technicians, and even cooks, once deputized by the sheriff and subject to being occasionally summoned to assist in law enforcement duties, would all be protectives, regardless of their job descriptions or the amount of work time they devote to non-law enforcement functions.[4]

---

[4] Lest it appear that we overstate the employees' position, we include the following additional statements from their brief: "[Section] 40.02(48)(am) states unambiguously that a County

102

¶ 17. Mattila's and Law's interpretation is itself unreasonable because it contravenes the legislature's intent. As we noted in *County of La Crosse*, "the duty imposed on the County to determine the status of participating employees in the Wisconsin retirement system is part of the legislative plan to ensure the integrity of the public employe[e] trust fund." *County of La Crosse*, 170 Wis. 2d at 165–66. An employee's classification as a protective occupation participant rather than as a general employee places greater financial demands on the state retirement system due to the earlier retirement age and reduced years-of-service requirements for protectives. *See id.* at 166–67. Under WIS. STAT. § 40.06(1)(d), the County as employer is charged with making the protective/general determination, but its decision to classify an employee as a protective occupation participant is subject to independent review by the Department of Employe Trust Funds, which may appeal the employer's protective classification to the Board. Section 40.06(1)(em). Permitting a sheriff's unilateral action in deputizing a department employee to bind the County, the department and the Board to classifying the employee as a protective occupation participant would nullify the

---

*must* classify deputy sheriffs as protectives." "[B]ecause Mattila and Law are deputy sheriffs, the County is bound to classify them in a manner that is consistent with the unambiguous language of § 40.02(48)(am). The County's duty in this case is ministerial, not discretionary." "[The Board]'s analysis of the duties performed by Mattila and Law is immaterial: because Mattila and Law are deputy sheriffs, the circuit court correctly concluded that the County *must* certify to WRS that they are protectives." "The County's job descriptions are immaterial to the legal issue [i]n this case."

classification and review scheme the legislature enacted in chapter 40.

■

¶ 18. We discussed the statutory provisions in question, and how they apply to jailers, in *County of La Crosse*:

> The listing of "deputy sheriff" in sec. 48.02(48)(am), STATS., does not automatically confer protective occupation participant status upon jailers. A jailer must also meet the definition of "protective occupation participant" in sec. 40.02(48)(a), STATS. As we have seen, thirty-four counties have concluded that their jailers meet the definition, while twenty-nine have concluded that their jailers do not. The determination whether a jailer meets the definition of "protective occupation participant" is not ministerial because the participating employer must determine whether the participant's "principal" duties involve "active" law enforcement, "frequent" exposure to a "high degree" of danger or peril, and require a "high degree" of physical conditioning. The determination requires fact finding and the exercise of judgment.

*County of La Crosse*, 170 Wis. 2d at 178. Mattila and Law, however, claim that our discussion regarding jailers in *County of La Crosse* is not controlling on the present facts because the question then before us involved whether classification as a protective was a mandatory subject of bargaining under WIS. STAT. § 111.70, and because the jailers in that case had not been appointed by the sheriff as deputy sheriffs.[5] We

---

[5] The circuit court endorsed these distinctions and concluded that *County of La Crosse v. WERC*, 170 Wis. 2d 155, 488 N.W.2d 94 (Ct. App. 1992), *reversed on other grounds*, 180 Wis. 2d 100, 508 N.W.2d 9 (1993), "does not control this matter."

agree with the County, however, that our conclusion in *County of La Crosse* that employers have a statutory duty under chapter 40 to determine the status of participating employees, based on their job duties and functions, has continuing validity. The Board did not err by relying on that conclusion in the present appeals.

¶ 19. We conclude that the Board reasonably interpreted WIS. STAT. § 40.02(48) as requiring the County to determine Mattila's and Law's participant status based on the principal duties they performed as sheriff's department employees, irrespective of whether the sheriff had appointed them as deputies. Being a "deputy sheriff" is a necessary qualification to be deemed a protective occupation participant under § 40.02(48)(am), but, contrary to the employees' contention, it is not a sufficient one. As the County points out, paragraph (am) also requires that a participant's name be "certified to the fund as provided in s. 40.06(1)(d)." The latter statute, in turn, requires that "[e]ach participating employer . . . shall notify the department . . . of the names of all participating employees classified as protective occupation participants determined in accordance with s. 40.02(48)." WIS. STAT. § 40.06(1)(d). And, § 40.02(48) begins with a definition of "protective occupation participant" which focuses on a determination of whether an employee's "principal duties" involve "active law enforcement." *See* § 40.02(48)(a).

¶ 20. In short, the Board reasonably concluded that the key factor in determining a participant's status in the state retirement system is the nature of the duties he or she principally performs for the employer,

not whether the employee has been deputized by the sheriff. Its interpretation contravenes neither the words of the statute nor the legislature's intent, nor is it without a rational basis. *See Harnischfeger*, 196 Wis. 2d at 662.

¶ 21. Finally, we note that the parties, as well as the circuit court, have discussed whether and how certain provisions of chapter 59 regarding deputy sheriffs apply to the determination of participant status under WIS. STAT. § 40.02(48). Neither § 40.02(48)(am) nor (b)3 makes reference to the requirements and limitations set forth in WIS. STAT. § 59.26 for the appointment of deputy sheriffs. We thus conclude that whether the Douglas County Sheriff complied with the technical requirements for making deputy appointments, and whether the county board properly limited the number of deputy sheriffs by resolution instead of "by ordinance," are not relevant to the proper classification of Mattila and Law under § 40.02(48). As we have discussed, the key determining factor under the statute is not what the sheriff or the county board has or has not done with respect to appointing Mattila and Law as deputies, but what the two men themselves do as employees of the Douglas County Sheriff's Department.

## CONCLUSION

¶ 22. For the reasons discussed above, we conclude that the Board reasonably interpreted and applied WIS. STAT. § 40.02(48) in affirming the County's classification of Mattila and Law as general category employees. Accordingly, we reverse the trial court's order and reinstate the Board's final decisions in the two cases.

*By the Court.*—Order reversed.