**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 3, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1067**

STATE OF WISCONSIN

Cir. Ct. No. 2022JV964

IN COURT OF APPEALS
DISTRICT I

IN THE INTEREST OF Q. D. R., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

Q. D. R.,

      RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed.*

¶1     COLÓN, J.[1]  Quentin[2] appeals from an order of the circuit court and he argues that the circuit court erroneously included funeral costs as part of the restitution in his dispositional order.  For the reasons set forth below, this court affirms.

## BACKGROUND

¶2     On November 4, 2022, the State filed a delinquency petition charging Quentin with one count of felony murder and one count of robbery with the use of force as a party to a crime related to an incident from October 25, 2022, during which Quentin and two adult co-actors were alleged to have robbed and beat another individual until that person lost consciousness and died.  On January 4, 2023, Quentin admitted the charge of robbery with the use of force, and the charge of felony murder was dismissed and read in.  The circuit court entered a corresponding dispositional order.

¶3     On March 3, 2023, the circuit court held a hearing to address a restitution worksheet and supporting documentation requesting a total of $6,076.15 in restitution.[3]  The restitution worksheet included $5,518 in funeral costs and $558.15 in other losses.  The circuit court awarded the total restitution requested in the amount of $6,076.15, but reduced the amount of the award to

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] This court adopts the pseudonym used by the parties.  *See* WIS. STAT. RULE 809.86.

[3] The restitution worksheet requests restitution in the amount of $6,076.44.  Both parties note that this appears to be a mathematical error that is irrelevant to the issue on appeal.

$750 based on Quentin's ability to pay. Quentin now appeals from the revised dispositional order awarding restitution.

## DISCUSSION

¶4    On appeal, Quentin argues that the circuit court erroneously awarded the cost of funeral expenses as part of restitution, and he argues that the plain language of WIS. STAT. § 938.34(5) does not allow for an award of funeral expenses.

¶5    Questions of statutory interpretation are questions of law that this court reviews *de novo*. ***State v. B.S.***, 133 Wis. 2d 136, 138, 394 N.W.2d 750 (Ct. App. 1986). "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning." ***Id.*** Additionally, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." ***Id.***, ¶46.

¶6    The juvenile restitution statute, WIS. STAT. § 938.34(5)(a), states in pertinent part that "if the juvenile is found to have committed a delinquent act that resulted in damage to the property of another, or actual physical injury to another excluding pain and suffering," the court may "order the juvenile to repair the damage to property or to make reasonable restitution for the damage or injury[.]"

¶7    Quentin argues that funeral expenses are not recoverable under WIS. STAT. § 938.34(5)(a) as "reasonable restitution for the damage or injury" and that,

while funeral expenses are causally related to the injury here, they are nonetheless categorically distinct from property damage and actual physical injury. He further compares § 938.34(5)(a) to the language of WIS. STAT. § 973.20—the restitution statute in the adult criminal code—and argues that the fact that § 973.20 specifically authorizes the recovery of funeral expenses and § 938.34(5)(a) does not, indicates that the legislature did not authorize the recovery of funeral expenses as part of restitution under § 938.34(5)(a). *See Orion Flight Servs. v. Basler Flight Serv.*, 2006 WI 51, ¶42, 290 Wis. 2d 421, 714 N.W.2d 130.

¶8 This court disagrees and considers such a reading of WIS. STAT. § 938.34(5)(a) inconsistent with the statutory language allowing for "reasonable restitution" for damage or injury caused by a juvenile, when the precise bounds of what is considered reasonable is not expressly defined by § 938.34(5)(a). Rather, this court considers that the circuit court, consistent with the objectives of the juvenile code, has discretion under § 938.34(5)(a) to determine what constitutes "reasonable restitution" for damage or injury caused by a juvenile in a particular case. *See* WIS. STAT. § 938.01(1) (requiring liberal construction of the juvenile justice code with its expressed objectives); *see also* § 938.01(2) (listing the express objectives, including but not limited to holding a juvenile offender accountable for his or her actions and ensuring that victims are afforded the same rights as victims of crimes committed by adults).

¶9 In this case, this court concludes that the funeral expenses are reasonable restitution for the actual physical injury that Quentin caused when the actual physical injury that Quentin caused led to the death of the victim and consequently the need for the funeral expenses.

¶10     This court further rejects Quentin's reliance on **State v. J.P.**, No. 2017AP1905, unpublished slip op. (WI App Sept. 5, 2018),[4] for the proposition that the failure to expressly authorize funeral expenses under WIS. STAT. § 938.34(5)(a) prohibits the award of funeral expenses as part of restitution.

¶11     The court in **J.P.** addressed the issue of restitution for "lost instructional time" as restitution for damage to property under WIS. STAT. § 938.34(5)(a).   **J.P.**, No. 2017AP1905, ¶¶3-4, 58.  In reaching its conclusion, the court compared § 938.34(5)(a) with WIS. STAT. § 973.20, and the court determined that the differences between the two statutes demonstrated a legislative intent that was "clearly different with regard to the juvenile statute."   **J.P.**, No. 2017AP1905, ¶¶57-61.  The court indicated that lost instructional time would be allowed under § 973.20(5)(a)-(b) as special damages or lost income and out-of-pocket expenses, not as property damage.   **J.P.**, No. 2017AP1905, ¶¶59-60.  However, because § 938.34(5)(a) covered property damage, lost instructional time was not part of restitution under the juvenile statute.   **J.P.**, No. 2017AP1905, ¶¶59-60.

¶12     In other words, lost instructional time was recoverable under the adult restitution statute as something other than property damage, and given that the juvenile restitution statute covered property damage, lost instructional time was not recoverable under the juvenile restitution statute.   **Id.**, ¶¶59-60 ("The words of the juvenile statute are distinct in its limitation to 'damage to property.' It says nothing about special damages, lost income, or damages that could be recovered in a civil action.").

---

[4] This court recognizes that, pursuant to WIS. STAT. RULE 809.23(3), opinions issued by a single judge issued after July 1, 2009, may be cited for persuasive value.

¶13      Therefore, this court is not persuaded that **J.P.** precludes the circuit court's award of funeral expenses under the juvenile restitution statute.  Unlike lost instructional time, the funeral expenses at issue here are reasonable restitution related to an actual physical injury within the meaning of WIS. STAT. § 938.34(5)(a) when that actual physical injury led to the death of the victim and need for funeral expenses.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.

6